**EMBERLIN v. WICHITA FALLS, R. & FT. W. RY. CO.  (No. 806–4468.)**

(Commission of Appeals of Texas, Section A. May 12, 1926.)

**1. New trial ⬤⟹32.**

Where it appears from all facts and circumstances that losing party has been prejudiced by improper argument, new trial should be granted.

**2. Appeal and error ⬤⟹1031(5).**

Where improper argument calculated to prejudice opposing party's rights is shown, injury must be presumed.

**3. Appeal and error ⬤⟹978(2)—New trial ⬤⟹ 32—Whether improper argument was calculated to prejudice is for discretion of trial court, whose determination will not be set aside, except for abuse of discretion.**

Whether argument of counsel was calculated to prejudice opposing party is question for trial court's discretion, whose determination will not be set aside, except for abuse of discretion.

**4. New trial ⬤⟹32—Holding of trial court that argument of counsel as to amount of verdict and number of attorneys representing defendants was not prejudicial held reasonable exercise of its discretion.**

In action for death holding of trial court that argument of counsel as to amount of verdict and number of attorneys representing defendants was not prejudicial *held* reasonable exercise of its discretion.

**5. Trial ⬤⟹115(5)—Bill of exception complaining of counsel's offer of evidence given at previous trial held not to disclose misconduct.**

Bill of exceptions complaining of counsel's request that court reporter read certain portions of testimony of witness at previous trial, not produced at retrial, *held* not to disclose misconduct of counsel.

**6. Appeal and error ⬤⟹1070(2).**

Whether jury's finding on contributory negligence was contrary to evidence *held* immaterial, in view of finding on issue of discovered peril.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by Mattie Emberlin against the Wichita Falls, Ranger & Fort Worth Railway Company. Judgment for plaintiff was reversed and remanded by the Court of Civil Appeals (274 S. W. 991), and plaintiff brings error. Judgment of Court of Civil Appeals reversed, and cause remanded, with directions.

See, also, 255 S. W. 796, 267 S. W. 463.

W. A. Shields, of Houston, W. C. Jackson, of Guion, W. E. Martin, of Abilene, and Merritt & Leddy, of Dallas, for plaintiff in error.

Levy & Evans, of Fort Worth, Jno. F. Evans, of Breckenridge, Thompson, Barwise, Wharton & Hiner, of Fort Worth, for defendant in error.

BISHOP, J. [1] The rules for the district courts provide that in arguments to the jury "counsel shall be required to confine the argument strictly to the evidence and to the arguments of opposing counsel," and that "the court will not be required to wait for objections to be made when the rules as to arguments are violated." When counsel violates this rule, he does so at his peril. The litigants are entitled to a fair and impartial trial, and, should it appear that by reason of the violation of this rule the rights of the losing party have been prejudiced, it is the duty of the trial court to grant a new trial.

[2, 3] When, in motion for new trial, complaint is made of argument in violation of this rule, the motion should not be granted on such complaint, unless the argument, under all the facts and circumstances in the case, was calculated to prejudice the rights of the complaining party. If it was, injury must be presumed, for a fair trial cannot be said to have been awarded when improper argument calculated to prejudice rights has been indulged in. The question as to whether such argument was calculated to prejudice is left to the reasonable discretion of the trial court in passing upon the motion, and when, in the exercise of such discretion, the trial court has determined this question, an appellate court is not warranted in setting aside its holding. It is only when from the record on appeal, it is clear that argument in violation of this rule was calculated to prejudice the rights of the party complaining that an appellate court is authorized to overrule a contrary holding by the trial court on this question. Unless it clearly appears that the trial court has abused its discretion, its holding must stand.

[4, 5] By a majority of a divided court in this case the Court of Civil Appeals has reversed the judgment of the trial court holding that a new trial should have been granted because of misconduct of counsel for plaintiff in error in making improper argument to the jury and in offering evidence to which objection was made and which was not admitted. 274 S. W. 991. The opinions in that court contain a full statement of the case, which it is not necessary to here repeat, and cite numerous authorities, some of which have direct bearing on the question under consideration. We are of opinion that, under all the facts and circumstances shown by the record in this case, it is not clear that the argument complained of was calculated to prejudice the rights of defendants in error, and that, therefore, the trial court in holding that the argument was not prejudicial was acting within its reasonable discretion. We are also of opinion that the conduct of which complaint is made in offering evidence is not by the bill of exception shown to be misconduct of counsel. On these questions we think the conclusion reached in the dis-

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

senting opinion in the Court of Civil Appeals is correct.

[6] The finding that the verdict of the jury on the issue of contributory negligence is contrary to a preponderance of the evidence does not warrant a reversal of the trial court's judgment. The jury's finding on the issue of discovered peril renders immaterial the issue of contributory negligence.

We recommend that the judgment of the Court of Civil Appeals be reversed and the cause remanded to that court, with direction to dispose of the assignment presenting the question whether the amount of damages found by the jury is excessive in compliance with article 1862, R. C. S. 1925. Wilson v. Freeman, 108 Tex. 121, 185 S. W. 993, Ann. Cas. 1918D, 1203.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed and cause remanded to that court, as recommended by the Commission of Appeals.