HUBB DIGGS COMPANY V. MRS. J. D. BELL.

No. 4745.   Decided April 27, 1927.

(293 S. W., 808).

**1.—Argument of Counsel—Cases Discussed.**

The rulings on improper argument of counsel in Bell v. Blackwell, 285 S. W., 765, and in Emberlin v. Railway Co., 284 S. W., 539, are discussed and harmonized.   (Pp. 430-432).

**2.—Argument of Counsel—Objection—Retraction.**

Where an improper argument of counsel was objected to, condemned by the court, and retracted with apology by counsel making it, the trial court, in overruling a motion for new trial on that ground, did not err in concluding that no prejudice therefrom appeared.   (P. 432).

**3. — Argument of Counsel — Motorcycle Officer — Right of Way in Street Traffic.**

No improper argument was shown in the claim of counsel before the jury that a motorcycle policeman answering an emergency call and killed by collision with a motor truck at an intersecting street, had the right of way over the truck.   Art. 801, Subd. N, of the Criminal Code of 1925, was applicable to traffic in the streets of the city, and it was legitimate argument to so claim before the jury in discussing the issue of negligence. (Pp. 432, 433).

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

The Hubb Diggs Company appealed from a judgment recovered against it by Mrs. Bell for the death of her husband by appellant's negligence.   Having first held the case reversible for improper argument by plaintiff's counsel, the appellate court, pending a motion for rehearing, certified the question.   The Supreme Court referred the question certified to the Commission of Appeals, Section A, for its opinion and here adopt and certify same as its answer.

*Thompson, Wharton & Barwise,* and *George Thompson, Jr.,* for appellant, on argument of counsel, cited:   C. R. I. & G. R. Co. v. Goodridge, 136 S. W., 81; First Natl. Bank v. Porter, 204 S. W., 463; Fort Worth Belt Ry. Co. v. Johnson, 125 S. W., 387; Parker v. Miller, 268 S. W., 726; T. & P. Ry. Co. v. Rasmussen, 181 S. W., 212; W. F. R. & Ft. W. Ry. Co. v. Emberlin, 274 S. W., 991.

*McLean, Scott & Sayers,* for appellee.

Mr. Judge BISHOP delivered the opinion of the Commission of Appeals, Section A.

The Court of Civil Appeals for the Second District certifies the question whether the trial court erred in overruling motion for new trial on objections made to arguments of counsel before the jury on trial of this case. The statement made in the certificate, excluding references to and quotations from authorities contained therein, is:

"In the above entitled cause Mrs. J. D. Bell, surviving wife of J. D. Bell, deceased, recovered a judgment against Hubb Diggs Company for $7,500, as damages resulting from the death of her husband, caused by the negligence of the defendant.

"At the time of his death, J. D. Bell was serving as a motorcycle police officer of the City of Fort Worth, and his death was the result of a collision between his machine and a motor truck owned by the defendant company, which was being driven by Willie Bass, the defendant's employe. The collision occurred at the intersection of Commerce Street, running north and south, and Fourth Street, running east and west, both of which streets are public streets of the city of Fort Worth. Willie Bass was driving the motor truck in a northerly direction on Commerce Street, and J. D. Bell was traveling on his motorcycle in an easterly direction on Fourth Street.

"In answer to special issues the jury found that at the time of the collision the defendant's driver was running the truck at a rate of 25 miles an hour, and in so doing he was guilty of negligence, which was the proximate cause of the death of Bell. That finding of the jury was the basis of the judgment rendered in plaintiff's favor. The defendant pleaded contributory negligence on the part of the deceased in general terms, and also especially in operating his motorcycle at a high and dangerous rate of speed. Upon special issues presenting that defense, the jury found that at the time of the accident Bell was operating his motorcycle at a speed of 38 miles an hour, but in so doing he was not guilty of negligence. There was a further finding to the effect that Bell was not guilty of contributory negligence in any other respect, and that his death was not the result of an unavoidable accident.

"According to the testimony of the driver of the motor truck, he was driving the same at a very low rate of speed, and that the collision was attributable solely to the high rate of speed of the motorcycle on which Bell was riding.

"On a former day of the present term of this court, the judgment in plaintiff's favor was reversed and the cause remanded

upon the sole ground of improper argument to the jury by plaintiff's counsel. That argument, with exceptions thereto and rulings thereon, were shown by proper bills of exception, and was as follows:

"Mr. Alcorn:

" 'Gentlemen of the Jury: In estimating the amount of damages sustained by plaintiff, Mrs. Bell, you should take into consideration the fact that on account of the loss of her husband she is now required to make her own living, and while earning her own living in this commercial world, she will be subjected to possible insults.'

"Upon objection by defendant counsel, the court instructed the jury as follows:

" 'The argument made by counsel, Mr. Alcorn, is wholly improper and you are instructed not to consider it for any purpose.'

"Thereupon Mr. Alcorn made the following statement to the jury:

" 'I withdraw the argument and request the jury not to consider it, as it could form no basis for damages, and these remarks of mine were unintentionally made, and I apologize and ask that you not consider them for any purpose.'

"The defendant, however, reserved a bill of exception to the argument.

"In the opening argument of the case to the jury by Mr. Scott, counsel for plaintiff, the following occurred:

" 'Gentlemen of the Jury: The motorcycle officer, J. D. Bell, under the laws of the City of Fort Worth had the right of way.'

"Defendant's counsel, Mr. Thompson:

" 'The defendant objects to the argument of Mr. Scott for the reason it is improper and prejudicial in that this cause is submitted to the jury on special issues, and counsel for plaintiff is attempting to inform the jury concerning the law of the case, and for the further reason that there is no evidence to sustain the argument made by counsel.'

"The Court:

" 'Gentlemen of the Jury: The argument made by Mr. Scott is improper and you will not consider it.'

"Mr. Scott:

" 'Gentlemen of the Jury: I want to conform to the court's ruling, but I feel that I have the right to say to you that the law gave J. D. Bell, riding upon his motorcycle, the right of way to do what he did, and gave him as he rode his motorcycle the right of way.'

"Defendant's counsel, Mr. Thompson:

" 'The defendant again excepts and objects to the argument made by Mr. Scott, attorney for the plaintiff for the reason that the same is outside of the record, and has no evidence to sustain it, and constitutes an infraction of the court's ruling previously made, in that it informs the jury concerning the law of the case, whereas this cause is submitted to the jury upon special issues, and it is made for the purpose of biasing and prejudicing the jury against the defendant, and is wholly prejudicial and improper.'

"The Court:

" 'Gentlemen of the Jury:   The court has previously instructed you not to consider the character of argument made by Mr. Scott, which is improper, and you are again instructed not to consider same for any purpose.'

"Counsel for defendant, Mr. Thompson:

" 'The defendant reserves its exceptions to the improper and prejudicial argument of Mr. Scott made as hereinbefore set out, and says that the object of said improper argument has been accomplished, and that the jury has been biased and prejudiced by said improper argument, notwithstanding the instruction of the court to the jury not to consider same.'

"No ordinance of the City of Fort Worth was introduced in evidence, such as mentioned by Mr. Scott in his argument.

\*     \*     \*     \*     \*     \*     \*     \*

"A motion for rehearing filed by appellee is now pending, in which it is insisted that the argument of Mr. Scott was not improper, in view of Art. 801, Subd. N, Rev. Crim. Stats. of 1925, which reads as follows:

" 'Police patrols, police ambulances, fire patrols, fire engines, and fire apparatus in all cases while being operated as such shall have the right of way with due regard to the safety of the public; provided that this provision shall not protect the driver or operator of any such vehicle or his employer or principal from the consequence of the arbitrary exercise of this right to the injury of another'."

In the case of Bell v. Blackwell, 283 S. W., 765, the Commission of Appeals held that where improper argument has been indulged in by an attorney for his adversary, the complaining party is entitled to reversal of an adverse judgment, if under all the circumstances there is any reasonable doubt of the harmful effect of such argument, and that whether there is such rea-

sonable doubt is a question of law, and not one of fact.   In the case of Emberlin v. Railway Co., 284 S. W., 539, we say:

"The rules for the District Courts provide that in arguments to the jury 'counsel shall be required to confine the argument strictly to the evidence and to the arguments of opposing counsel,' and that 'the court will not be required to wait for objections to be made when the rules as to arguments are violated.'   When counsel violates this rule, he does so at his peril.   The litigants are entitled to a fair and impartial trial, and, should it appear that by reason of the violation of this rule the rights of the losing party have been prejudiced, it is the duty of the trial court to grant a new trial.

"When, in motion for new trial, complaint is made of argument in violation of this rule, the motion should not be granted on such complaint, unless the argument, under all the facts and circumstances in the case, was calculated to prejudice the rights of the complaining party.   If it was, injury must be presumed, for a fair trial cannot be said to have been awarded when improper argument calculated to prejudice rights has been indulged in.   The question as to whether such argument was calculated to prejudice is left to the reasonable discretion of the trial court in passing upon the motion, and when, in the exercise of such discretion, the trial court has determined this question, an appellate court is not warranted in setting aside its holding.   It is only when from the record on appeal, it is clear that argument in violation of this rule was calculated to prejudice the rights of the party complaining that an appellate court is authorized to overrule a contrary holding by the trial court on this question. Unless it clearly appears that the trial court has abused its discretion, its holding must stand."

In this case we held that under all the facts and circumstances shown by the record it was not clear that the argument complained of was calculated to prejudice, and that the trial court was acting within its reasonable discretion in holding that the argument was not prejudicial.

It is here contended that these holdings are conflicting.   They are not only not conflicting, but are in perfect accord.   They reach the same conclusion by the use of different language.   If under all the circumstances it is reasonably doubtful whether harm has resulted from improper argument, such argument must be held to have been calculated to prejudice.   Improper argument is calculated to prejudice where from the record it appears reasonably doubtful whether harm has resulted therefrom.   The language used by us in the case of Emberlin v.

Railway Co., supra, should not be taken as a holding that the question as to whether the record leaves it reasonably doubtful whether harm has resulted from improper argument is one of fact. The discretion conferred upon the trial court in passing on a motion for new trial is not different from that conferred upon the appellate court in reviewing the holding made on appeal. If the trial court holds that under all the facts and circumstances in the case there exists no reasonable doubt as to whether harm has resulted from improper argument, and it appears from the record on appeal that under all the facts and circumstances such doubt does exist, the holding is erroneous. An erroneous holding of the trial court on a question of law is an abuse of judicial discretion and should be corrected on appeal. However, it must clearly appear that error has been committed to warrant an adverse holding by an appellate court on this or any other question of law.

The argument quoted in the foregoing statement made by counsel Mr. Alcorn was improper. Upon objection the court instructed the jury not to consider it for any purpose. Thereupon Mr. Alcorn stated that he withdrew the argument. He apologized to the jury for making the improper remarks, declared they were unintentionally made, and could form no basis for damages, and, asked the jury not to consider them for any purpose. There is nothing contained in the foregoing statement indicating that his apology and statements to the jury were insincere. To hold that the jury considered this argument or that there exists a reasonable doubt as to whether they did so, under the statement made in this certificate, would be to impeach their integrity. The jury were instructed by the court and requested by counsel not to consider these remarks. They knew it was their duty to disregard them. There is nothing tending to show an inclination on their part to disregard the instruction given them by the court. The trial court, in overruling the motion for new trial has held that this improper argument was not, under all the facts and circumstances of the case, calculated to prejudice the rights of appellant, and we think this holding should be sustained.

In his argument to the jury, Mr. Scott said that "the motorcycle officer, J. D. Bell, under the laws of the City of Fort Worth, had the right of way." The court sustained objection to this statement, made in argument, and instructed the jury not to consider it. Thereupon Mr. Scott told the jury that he wanted to conform to the court's ruling, but that he felt that he had the right to say that "the law gave J. D. Bell, riding upon his motor-

cycle, the right of way to do what he did, and gave him as he rode the motorcycle the right of way." Objection was also made to this statement. The court sustained the objection and directed the jury not to consider it.

The opinion of the Court of Civil Appeals which accompanies the certificate shows that J. D. Bell and another motorcycle officer, in the performance of their duty, were answering an emergency call at the time of the collision. Art. 801 of our criminal statutes gave to Bell in the exercise of due care for the safety of the public the right of way. We must assume from the statement made in the certificate that the evidence presented an issue as to whether Bell's injury was proximately caused or contributed to by his negligence at the time of the injury. And, we cannot understand how counsel could make an argument to the jury in behalf of his client, conforming his argument to the evidence, without contending that the law gave to Bell the right of way at the time of the collision. It is evident that both could not pass the same point at the same time. The collision resulted from an effort to do this. This section of the article is applicable to travel over the public streets of the City of Fort Worth, and counsel had the right to insist that the court, in explanation of the special issue presenting contributory negligence, instruct the jury that a public officer traveling on the street on an emergency call with due regard for the safety of the public had the right of way. And he also had the right to make the assertion in argument to the jury that at the time of the collision Bell, under the law, had the right of way. This argument was not improper, and the court erred in sustaining objection to it.

We recommend that answer to the question certified be that the assignments addressed to the arguments of counsel should be overruled.

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton,* Chief Justice.