## TEXAS INDEMNITY INS. CO. v. McCURRY.
### No. 3809.

Court of Civil Appeals of Texas. Texarkana.
March 6, 1930.

Rehearing Denied April 17, 1930.

King, Mahaffey & Wheeler, of Texarkana, for appellant.

Wm. V. Brown, of Texarkana, for appellee.

WILLSON, C. J. (after stating the case as above).

The answer of the jury to question No. 1, submitted to them by the court, was that appellee suffered an injury to his person as he claimed he had; the answer to question No. 2 was that such injury resulted in total incapacity of appellee for work; and the answer to question No. 3 was that such total incapacity would be permanent. The answer of the jury to question No. 5 was that appellee was not affected with tuberculosis at the time he received the injury, and the answer to question No. 8 was that the tubercular condition he afterward suffered from was the "direct and natural result of the injury." Appellant insists that the answers of the jury to questions Nos. 3, 5, and 8 were without sufficient evidence to support them, and that the trial court therefore erred when he rendered judgment in appellee's favor. We think the contention should be overruled. Appellee was about 30 years of age. He testified he had always done hard work—that he "did not know anything else but hard work." It appeared without dispute in the evidence that at the time of and before he suffered the injury in question he was in good health, was a good worker—"able to do as much work as any one," a witness said; and it further appeared without dispute in the evidence that within a few weeks after he was injured August 1, 1928, he was sufferng from tuberculosis of the lungs, and that, from that time to the date of the trial (June 13, 1929), he had been under treatment by a physician and had not been able to do work of any kind. The physician referred to had known appellee "all of his (appellee's) life," he said, and had been "his family physician for the past eighteen years." Appellee, the physician said further, "was always a strong and healthy man." Contrary to appellant's contention and to the testimony of other physicians, said physician testified that the condition appellee was in could have resulted from the injury in question, and gave it as his opinion that it did result from that injury. Said physician testified, further, that if appellee took proper care of himself and followed instructions as to treatment he might get well in from two to five years, but that whether he would or not was problematical. And testified further, in effect, that a person suffering from tuberculosis of the lungs could not engage in hard work of any kind without injury to himself. The jury had a right to believe the testimony we have referred to and other testimony to the same general effect, and, believing it, we think they had a right to answer questions Nos. 3, 5, and 8 as they did. Appellant insists the testimony of experts based on X-ray pictures showing, it was asserted, the condition of appellee's lungs within a few weeks after he suffered the injury in question, strongly indicated he had tuberculosis long before the

time of the accident. As to that, it may be said, if it did, other testimony more strongly indicated that he had recovered from the disease at the time he was injured.

Question No. 5 submitted by the court to the jury was as follows: "Was Dan McCurry affected with tuberculosis at the time of receiving the injury, if any?" Appellant objected to the question on the ground that it put the burden on it of proving that appellee was afflicted with the disease specified at the time he received the injury in question, whereas, appellant said, the law imposed upon appellee the burden of showing he was "in good health and not afflicted with tuberculosis at the time of receiving said injury, if any." Appellant does not contend here in support of its complaint, based on the action of the court in overruling its objection, that the question in and by itself placed such a burden on it. Its contention is that the court in effect imposed the burden when he told the jury the burden was on appellee to establish issues specified and omitted the one covered by said question No. 5 from the ones specified. The argument is that in specifying issues appellee had the burden of proving the court impliedly instructed the jury that the burden of proof as to issues not specified was on appellant. In that view the objection, it seems to us, should not have been leveled at question No. 5, which clearly was not subject to it, but at the instruction excepting it from the issues appellee was charged with the burden of proving.

Question No. 2, hereinbefore referred to, was as follows: "Did such injury, if any, result in total incapacity to the said Dan McCurry?" Appellant objected to the question on the ground that as framed it did not exclude "the idea of disease" and did not confine the jury to a consideration of the injury "independent of disease, if any." By its requested special issue No. 1 appellant asked the court to have the jury find whether appellee received an injury which "independent of any disease totally incapacitated him for labor," and by its requested special issue No. 2 asked the court to have them find whether the injury, if any, appellee received, "independent of any disease, permanently incapacitated him for labor." It is urged here that the trial court erred when he overruled the objection to said question No. 2 and when he refused to give to the jury appellant's requested special issues Nos. 1 and 2. The contention is overruled. By the express terms of the statute (article 8309, § 1, subd. 5) the word "injury" as used therein includes "such diseases or infection as naturally result therefrom."

If it was error, and appellant asserts it was, to admit the testimony it objected to of the witness Tom Elliott, it clearly was not such error as requires a reversal of the judgment.

■ A controverted issue at the trial was as to whether tuberculosis of the lungs, from which appellee suffered within a few weeks after the accident occurred, was caused by the injury in question. Appellee insisted it appeared the disease was so caused, while appellant insisted to the contrary, arguing, the court said in qualifying a bill of exception, "that (quoting) the injuries alleged to have been received by plaintiff could not have caused the condition of plaintiff, they being slight and of not a severe enough nature to produce the same." In replying to appellant's argument appellee's attorney said: "Why, gentlemen, you remember Mr. Grim, president of the Texarkana National Bank; he was a strong, healthy man, and one day he pulled a hair out of his nose with his fingers and his nose as a result became infected and he was dead by reason of such infection within two or three weeks; then say a lick like this would not cause tuberculosis in this man's lungs from the time he received the lick until examination was made by Dr. Watts." Appellant objected to the statement on the ground it was not warranted by any of the evidence and was of "a nature to prejudice and inflame the minds of the jury" against it, and complains here because the court overruled its objection. As we view the matter, the case of Mr. Grim referred to was mentioned merely as illustrative of what the jury and every one else knows to be true, to wit, that it sometimes happens that an apparently trivial injury results in very serious consequences. We do not think the argument was an improper one, nor, if it was, that the trial court abused discretion he had when he determined it was not calculated to prejudice any right of appellant's. Emberlin v. Ry. Co. (Tex. Com. App.) 284 S. W. 539; Brazelton v. Ry. Co. (Tex. Com. App.) 296 S. W. 290.

On his cross-examination by appellant appellee, who was a witness in his own behalf, testified that C. C. Lemley, Wesley Enghram, Dave Rine, and Marvin Gilbert were working near him at the time of the accident in question, and that he did not remember telling S. E. Thomas, V. L. Cox, and E. H. Moore, at a place and time specified, that J. O. Taylor, Ed Rose, Bob Miller, and A. L. Collins were present at that time. Afterward Thomas, Cox, and Moore, testifying as witnesses, said appellee did so tell them. Taylor, Rose, Miller, and Collins each testified he worked with appellee the day he claimed he was hurt, and thought he could have seen appellee had he fallen, but did not. It appears from a bill of exceptions that in arguing the case to the jury one of appellant's attorneys "referred to the fact (quoting) that plaintiff had been contradicted by the statements of Moore, Thomas and Cox as above set out, and stated to the jury that plaintiff had been discredited in his switching from one set of witnesses to another and making statements that were un-

true about who was present when he was injured." Replying to the statement of appellant's attorney, appellee's attorney in his closing argument to the jury said: "I will show you what McCurry (appellee) said about this claim. Here is the notice he filled out on the 18th of September and filed with the (Industrial Accident) Board, and in it he stated who was present when he was injured. This will show you whether McCurry has been telling the truth about who was present when he was injured;" and started to read from the claim filed as stated, when appellant objected on the ground that the claim had been admitted as evidence for no other than jurisdictional purposes. The court sustained the objection; whereupon appellee's attorney, it appears from the bill of exceptions, "vigorously (quoting) and heatedly stated, in the presence of the jury, that he had a right to read from the instrument because it showed what McCurry claimed from the start, and then turning abruptly to J. I. Wheeler, one of the attorneys for the defendant, who was still standing, said, in the presence of the jury: 'That's all right, however, if you want to suppress the facts and keep the jury from knowing all about it, it is all right with me.' "

Appellant objected to the statement just quoted, on the ground that same was not warranted by any evidence in the case and was calculated to inflame and prejudice the minds of the jury against it, etc., and complains here because its objection was overruled. It appears from the claim made by appellee September 18, 1928, and filed with the Industrial Accident Board as stated, and in the statement of facts sent to this court, that he therein named said Lemley, Enghram, Rine, and Gilbert as "witnesses in support of this claim."

■ We think the remark made by appellee's attorney was improper, but do not agree with appellant that the conduct of the attorney in making it requires a reversal of the judgment. Appellant's contention that the remark does require such action by this court is on the theory, it seems, that a reversal should always follow improper argument unless it clearly appears in the record— and it insists it does not so appear in this case—that the argument did not operate to prejudice a right of the party complaining of it; and appellant cites, as supporting its view, Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765; Hubb Diggs Co. v. Bell, 116 Tex. 427, 293 S. W. 808, 810, and other cases. Without undertaking to determine whether the rulings in the cases cited by appellant and the rulings in International & G. N. Ry. Co. v. Irvine, 64 Tex. 529; Emberlin v. Ry. Co. (Tex. Com. App.) 284 S. W. 539; Brazelton v. Ry. Co. (Tex. Com. App.) 296 S. W. 290, and like cases, are in agreement or not, we are satisfied to follow the latter, because we think

they correctly interpret the rule of law applicable. In the Emberlin Case the Commission of Appeals said a new trial should not be granted because of improper argument, "unless the argument, under all the facts and circumstances in the case, was calculated to prejudice the rights of the complaining party. If it was, injury must be presumed, for a fair trial cannot be said to have been awarded when improper argument calculated to prejudice rights has been indulged in. The question as to whether such argument was calculated to prejudice is left to the reasonable discretion of the trial court in passing upon the motion, and when, in the exercise of such discretion, the trial court has determined this question, an appellate court is not warranted in setting aside its holding. It is only when from the record on appeal, it is clear that argument in violation of this rule was calculated to prejudice the rights of the party complaining that an appellate court is authorized to overrule a contrary holding by the trial court on this question. Unless it clearly appears that the trial court has abused its discretion, its holding must stand." Keeping in mind the "facts and circumstances" of the case appearing in the statements above, it is not clear to us that the trial court abused discretion he had when he concluded that the improper argument was not calculated to prejudice any right of appellant's and refused to grant appellant a new trial on that ground.

The judgment is affirmed.