We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.

## TEXAS INDEMNITY INS. CO. v. McCURRY.
### No. 1280—5739.

Commission of Appeals of Texas, Section B.
July 22, 1931.

King, Mahaffey, Wheeler & Bryson, of Texarkana, for plaintiff in error.

William V. Brown, of Texarkana, for defendant in error.

RYAN, J.

This suit was brought by Dan McCurry, an employee of the International Creosoting & Construction Company, against the Texas Indemnity Insurance Company, insurer of said Creosoting & Construction Company, under the Workmen's Compensation Act (Vernon's Ann. Civ. St. arts. 8306–8309), to set aside an award of the Industrial Accident Board, and to recover compensation for a period of 401 weeks, at the rate of $9 per week, being 60 per cent. of his average weekly wage of $15, and to have same paid to him in a lump sum.

It was alleged that McCurry, while in such employ, and in the course thereof, was turning a pole 35 feet long with a cant hook, in the usual and customary manner, when in some way the pole tripped and threw him and caused him to fall with great force to the ground and against the pole and cant hook, thereby injuring the muscles, tissues, ligaments, and blood vessels of his left side, and injuring him internally, tearing, injuring, bruising, and lacerating the tissues, blood vessels, muscles, and ligaments of the left lung, causing him great pain and suffering and the development of tuberculosis in his left lung, which has since spread to and involves the right lung, as a result of which he has sustained total and permanent incapacity for labor.

The insurance company's answer consisted of a general demurrer and general denial. Its theory of defense was that McCurry, at the time of the accident, was suffering from an active tubercular condition incapacitating him for labor, which was anterior to and not caused by the accident and therefore not the result thereof.

In answer to special issues submitted to them, the jury found that McCurry received

an injury in the usual course of his employment with the creosoting and construction company, on August 1, 1928, which resulted in permanent "total incapacity" to him, and that he was not affected with tuberculosis at the time of receiving the injury. The jury found also that McCurry's tubercular condition was the direct and natural result of the injury received by him on August 1, 1928; that $15 was his average weekly age for one year prior to that date. The jury further found that a manifest hardship or injustice to McCurry would result unless his compensation be paid him in a lump sum instead of in weekly payments.

The trial court rendered judgment canceling the Industrial Accident Board's award, and in favor of plaintiff for a lump sum of $2,962.30, arrived at by allowing discount for present payment at 6 per cent. per annum on the basis of 60 per cent. of an average weekly wage of $15 for a period of 401 weeks beginning on August 1, 1928, which judgment was affirmed by the honorable Court of Civil Appeals. 27 S.W.(2d) 296.

An important issue in the case was whether the plaintiff received an injury while in the usual course of his employment with the International Creosoting & Construction Company, on August 1, 1928. Mr. Wheeler, an attorney for the defendant in arguing to the jury the proposition, contended for by him, that the plaintiff was not injured while in such employ referred to the fact that three witnesses, to wit, E. H. Moore, L. E. Thomas, and C. L. Cox, had each testified that the plaintiff had, on September 7, 1928, told them that, at the time he received the injuries of which he complained, J. A. Taylor, Ed Rose, Bob Miller, and A. L. Collins were working with him, and to the fact that the said J. A. Taylor, Ed Rose, Bob Miller and A. L. Collins had each testified in this case, and had each testified that they were working in the same crew with the plaintiff on the day that he claims to have received his injuries, but said that they did not see Dan McCurry receive any injuries, and such counsel for the defendant insisted that this was convincing proof that McCurry was not injured while in such employ.

Mr. Brown, counsel for the plaintiff, in his closing argument, in answer to the said argument, used certain language claimed by the defendant to be improper and reversible error, as reflected in the following approved bill of exceptions (omitting formal parts), viz.:

"The plaintiff, for the purpose of showing jurisdiction and for the purpose of showing that he had given the requisite statutory notice of his claim for compensation, and for said purpose only, introduced in evidence a certified copy of the claim for compensation which he filed with the Industrial Accident Board of the State of Texas; in which claim he had stated that Dave Ryan and other parties thereafter named, were present at the time he was injured, and which notice was dated on the 18th day of September, 1928. Plaintiff testified on the trial of the case that he was injured about the 1st day of August, 1928, and further testified on cross examination that he had not, on the 7th day of September, at his home, told L. E. Thomas, V. L. Cox and E. H. Moore that J. A. Taylor, Ed Rose, Bob Miller and A. L. Collins were present when he was hurt.

"After the plaintiff had testified as above set out, the defendant proved by witnesses E. H. Moore, L. E. Thomas and V. L. Cox, that the said Dan McCurry did make the statement to them on September 7th, 1928, while they were at the home of the plaintiff in Texarkana, Texas, that J. A. Taylor, Ed Rose, Bob Miller and A. L. Collins were present when he received the injury that he complained of. The said J. A. Taylor, Ed Rose, Bob Miller and A. L. Collins each testified as witnesses for the defendant, that they were not present when McCurry claims to have been present, and each testified that they did not see McCurry receive any injury on the 1st day of August, 1928.

"And be it further remembered that after the testimony had been concluded, and while J. I. Wheeler, one of the attorneys representing the defendant, was addressing the jury, and while discussing the issue submitted to the jury by the court, of whether the plaintiff received any injury in the usual course of employment with the International Creosoting & Construction Company on August first, 1928, he referred to the fact that said plaintiff had been contradicted by the statements of Moore, Thomas and Cox as above set out, and further stated to the jury that said plaintiff had been discredited in his switching from one set of witnesses to another, and making statements that were untrue about who was present when he was injured.

"And be it further remembered that the Honorable Wm. V. Brown in the concluding argument to the jury and while discussing the argument of said J. I. Wheeler above referred to, said:

" 'I will show you what McCurry said about this claim. Here is the notice he filled out on the 18th day of September and filed with the Board, and in it he stated who was present when he was injured. This will show you whether McCurry has been telling the truth about who was present when he was injured.'

"And at the conclusion of such statement, the said Wm. V. Brown started to read from said claim for compensation which he had in his hands when Counsel for the defendant objected to the reading of such instrument to the jury, for the reason that the same had been introduced for the purpose of showing jurisdiction and that the requisite statutory notice of his claim for compensation had been given, which objection was by the court sus-

tained. After the Court had sustained such objection, the said Wm. V. Brown vigorously and heatedly stated, in the presence of the jury, that he had a right to read from the instrument because it showed what McCurry claimed from the start, and then turning abruptly to J. I. Wheeler, one of the attorneys for defendant, who was still standing, said, in the presence of the jury:

"'That's all right, however, if you want to suppress the facts and keep the jury from knowing all about it, it is all right with me.'

"And then in a manner indicating the utmost disgust and contempt he slammed the paper on the table and started to proceed with his argument to the jury, whereupon counsel for the defendant objected to the statement made by the said Wm. V. Brown before said jury, that it was all right with him if the defendant desired to suppress the facts and keep the jury from knowing all about it, said objection being made upon the ground that such remarks were wholly out of the record and about matters that had not been introduced in evidence, and there was no evidence introduced on the trial of the cause which authorized such argument, and because said remarks were made solely for the purpose of inflaming and prejudicing the minds of the jury against the defendant and were of a nature calculated to inflame and prejudice the minds of the jury against the defendant. and because said remarks did influence and prejudice the minds of the jury against the defendant; and upon the further ground that such statement was in effect, giving to the jury improper and additional evidence of a nature that was highly prejudicial to the rights of the defendant, and which did prejudice the minds of the jury toward the defendant.

"And be it further remembered that the Court very promptly overruled such objection of the defendant to such remarks and argument of counsel for plaintiff and permitted said counsel to proceed with his argument, to which action and ruling of the Court the defendant then and there in open Court duly excepted and here now tenders this his Bill of Exceptions No. 2, and prays that the same may be examined, signed and approved by the Court, and ordered filed as a part of the record in this cause."

### Opinion.

■ It is conceded by the Court of Civil Appeals that the argument complained of was improper, and we think the prejudicial effect of it is obvious. Counsel's charge, for such it was that his adversary was trying to suppress the facts and keep the jury from knowing all about it, was prejudicial in the highest degree, and the trial court's action in refusing to sustain the objection thereto could only have the effect of confirming in the minds of the jury the belief that the company was attempting to suppress facts, proper to be shown and discussed.

The paper in question was not in evidence for any purpose except and only to show that statutory notice of the claim for compensation had been given, and, when counsel started to read its contents, the court properly sustained objection thereto.

It was after such objection was sustained (to quote from the bill of exceptions) that counsel "vigorously and heatedly stated, in the presence of the jury, that he had a right to read from the instrument, because it showed what McCurry claimed from the start and turning abruptly to J. I. Wheeler, one of the attorneys for defendant who was still standing, said, in the presence of the jury, 'that's all right, if you want to suppress the facts and keep the jury from knowing all about it, it is all right with me.'"

Objections to such remarks were overruled by the trial court and the offending counsel permitted to proceed with his argument.

The company's attorney had the right to object to the reading from the notice of claim, and, when the court sustained such objections, there was nothing which authorized the accusations. The natural effect of the improper argument was to create in the minds of the jury the impression that facts, proper to go to them, were being suppressed through the efforts of the adverse party and a fair trial therefore circumvented; the argument was reasonably calculated to influence the minds of the jury and create a prejudice against Mr. Wheeler's client.

■ The rule is now settled in this state that, where improper argument has been indulged in, the adverse complaining party is entitled to reversal of the judgment, as a matter of law, if under all the circumstances there is any reasonable doubt of its harmful effect, or unless it affirmatively appears no prejudice resulted. Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765; Behringer v. South Plains Coaches (Tex. Com. App.) 13 S.W.(2d) 334; Hubb Diggs Co. v. Bell, 116 Tex. 427, 293 S. W. 808; Floyd v. Fidelity Union Casualty Co. (Tex. Com. App.) 24 S. W.(2d) 363; Hull v. Christian (Tex. Civ. App.) 283 S. W. 568; Missouri-Kansas-Texas Ry. Co. v. Thomason (Tex. Civ. App.) 3 S.W.(2d) 106, 107; McMahan v. City of Abilene (Tex. Civ. App.) 8 S.W.(2d) 554.

In Davis v. Hill (Tex. Com. App.) 298 S. W. 526, 527, Judge Speer said: "It is elementary that counsel must confine his arguments to the facts and circumstances in evidence and to deductions fairly to be made from them; that he will not be allowed to supplement the facts or emphasize his contention by the injection into the case of a discussion of matters not fairly within any reasonable deduction from the testimony and circumstances. The courts have not been slow to reverse cases

where this rule of argument has been violated to the probable prejudice of the losing party." And again: "It sometimes happens that the language is so inflammatory or the disclosure of fact is of such a nature that the sustaining of an objection and an instruction to the jury not to consider it will not remove the prejudicial effect. Fort Worth, etc., Ry. v. Hays, 51 Tex. Civ. App. 114, 111 S.W. 446; Trueheart v. Parker (Tex. Civ. App.) 257 S. W. 640; Austin v. Gress (Tex. Civ. App.) 156 S. W. 535; Texas, etc., Ry. v. Rasmussen (Tex. Civ. App.) 181 S. W. 212. The object of every trial is to give the parties a fair hearing according to the facts and circumstances properly before the jury."

In Houston & T. C. R. R. Co. v. Gray, 105 Tex. 42, 143 S. W. 606, it was held that, if there be a reasonable doubt in considering a charge of misconduct of a jury, as to effect a juror's action had upon the amount of the verdict, the judgment should be set aside; in Bell v. Blackwell, supra, and Davis v. Hill (Tex. Com. App.) 298 S. W. 526, it is pointed out that this rule of practice should be applied to errors upon the trial whether in the admission of evidence, argument of counsel, or misconduct of the jury.

It is contended by defendant in error that the bill of exception should not be considered because (a) devoid of an allegation that the appellant requested the court to instruct the jury not to consider said remarks, or a request that the same be withdrawn from the jury's consideration; and (b) because said bill of exception does not state that said argument caused an erroneous verdict to be rendered, or that by reason of the same the verdict was excessive, or that the verdict is any other than it should have been; (c) nor does said bill of exception state that the argument was not in reply to argument of counsel for appellant or that it was not provoked by the argument of appellant's counsel; and (d) for the further reason that said bill does not allege that but for said argument a different verdict would have been rendered.

The above-cited authorities hold the contrary, and such contentions of the defendant in error must be overruled.

Defendant in error cites, in support of his proposition, among others, the following authorities, viz.: Travelers' Ins. Co. v. Peters (Tex. Civ. App.) 3 S.W.(2d) 568; Texas Indemnity Co. v. Carson (Tex. Civ. App.) 21 S. W.(2d) 691; United States Fid. & G. Co. v. Weir (Tex. Civ. App.) 286 S. W. 565; International & G. N. Ry. Co. v. Irvine, 64 Tex. 529.

In discussing the case of International & G. N. Ry. Co. v. Irvine, supra, Judge Speer, in Bell v. Blackwell, said in effect, that, if there is any conflict between the holding in that case and in the later cases, the rule announced in the later cases is now too well established to admit of question.

■ In Western Union Telegraph Co. v. Perry, 95 Tex. 648, 69 S. W. 131, 133, Judge Brown, answering a certified question, said: "When exception has been reserved by proper bill to language used by counsel in addressing a jury, the court of civil appeals has authority to review the action of the trial court in reference thereto, although there may have been no request by the complaining party that a charge be given to the jury to disregard the improper language."

■ It is true that Courts of Civil Appeals, in Vincent v. Bell, 22 S.W.(2d) 753, and Thompson v. Caldwell, 22 S.W.(2d) 720, hold that, when a bill of exceptions fails to show that the improper argument was not made in response to the argument of opposing counsel, it is not sufficient to show error in that respect.

No such requirement of a bill of exceptions is made either by statute or rule of court. No particular form of words is required except that the objection must be stated in such circumstances as may be necessary to explain, and no more, and as briefly as possible. Article 2257, Rev. Stat. 1925; Dist. Ct. Rule 55. The bill of exceptions is not required to negative any possible fact or state of attending circumstances that would render the objectionable matter without prejudicial effect. Rather the presumption would be that the trial judge did his duty and that there was no modifying or justifying explanation to be made.

■ We hold that the bill of exceptions is sufficient, and it is not required that it should affirmatively show that the offending argument was not in reply to or not provoked by that of opposing counsel.

Plaintiff in error objected to special issue No. 5 for the reason that as framed, the burden was put upon it to show that McCurry was affected with tuberculosis at the time of receiving the injury, if any, when under the law the burden is upon the complainant, and the question should be so framed as to put the burden upon him to show that he was in good health and not affected with tuberculosis at the time of receiving the injury, if any.

The issue submitted was: "No. 5. Was Dan McCurry affected with tuberculosis at the time of receiving the injury, if any?"

The charge upon burden of proof was: "The burden is on the plaintiff to establish the affirmative of the above issues numbers 1, 2, 3, 4, 7, 8, 9, 10, 12, 13, by a preponderance of the evidence. By a preponderance of the evidence is meant the greater weight or degree of credible testimony."

In addition to such objection to the charge, plaintiff in error requested a special charge, viz.: "Do you find from a preponderance of the evidence that the plaintiff was not suffering on the 1st day of August, 1928, with

active tuberculosis of the lungs? Answer Yes or No," which the trial court refused.

While the issue as submitted was more favorable to plaintiff in error than the issue it requested, in that the latter required a finding only as to active tuberculosis, whereas the former included tuberculosis, whether dormant or active, the effect of the court's instructions on burden of proof was, by enumerating certain issues, to exclude, in the minds of the jury, the other issues not so enumerated, and, by placing the burden of proof on the claimant as to the enumerated issues, to exclude therefrom those not enumerated.

 Under the Workmen's Compensation Act (article 8307, § 5), the burden of proof is always upon the party claiming compensation. Here the claimant asserted his right to compensation because of having contracted tuberculosis of the lungs as the natural and direct result of injuries claimed to have been received on August 1, 1928, while in the International Creosoting & Construction Company's employ, and the budren was on him to establish that fact by a preponderance of the evidence, which necessarily included the further fact that he did not have such disease at the time he alleged he received such injuries; this was a contested question in the case, and the special issue on the subject should have been so framed as to place the burden of proof on him. Nobles v. Tex. Ind. Ins. Co. (Tex. Com. App.) 12 S.W.(2d) 199.

Plaintiff in error complains of the judgment awarding a lump sum other than for weekly payments because there was neither pleading nor proof showing the proper rate of discount for determining the present value of lump sum payment.

Defendant in error frankly confesses error in that respect, on the authority of United States Fid. & G. Co. v. Nettles (Tex. Com. App.) 35 S.W.(2d) 1045, and Texas Employers' Insurance Co. v. Brock (Tex. Com. App.) 36 S. W.(2d) 704, decided subsequently to the trial court's judgment herein rendered, and asks that the judgment be modified so as to allow a recovery from date of the injury to date of decision in the Supreme Court in a lump sum, and to recover the remainder of compensation in weekly payments as they accrue.

In view of our conclusion that the cause should be remanded for other reasons as above stated, it is unnecessary to pass on that question, as it need not arise on another trial.

We recommend that the judgments of the district court and Court of Civil Appeals be reversed, and the cause remanded for a new trial.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both reversed, and the cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.