**McCLINTIC et al. v. J. D. YOUNG CORPORATION.**

**No. 1446—6113.**

Commission of Appeals of Texas, Section B. Dec. 30, 1933.

T. D. Kimbrough and G. W. Dunaway, both of Midland, for plaintiffs in error.

Paul Moss, of Odessa, for defendant in error.

RYAN, Judge.

On March 1, 1927, McClintic Bros. leased to the Odessa Furniture Company, wholly owned by J. D. Young, for the use and benefit of the J. D. Young Corporation, then in process of formation, for a period of three years, beginning on April 1, 1927, a certain sheet metal store building 25 feet wide by 80 feet long with an annex shed 25 feet wide by 20 feet long on the back, then in process of erection on lot 17, block 36, in the original town of Odessa, the construction to be completed some time during the month of March, 1927. A monthly rental of $125 was agreed to be paid. Clause 7 of the contract between the parties reads as follows: "This property is rented for a furniture business and second party covenants and agrees that the same shall be so used, and that no improper or offensive use of the said property shall be permitted, and at the expiration of this lease that he or his successors as contemplated herein, will quit and surrender said premises in as good condition as is consistent with reasonable use and wear thereof."

Soon after the lessee had begun to occupy the building, an oral contract was entered into whereby an annex was added to the building and the rent increased to $140 per month.

On June 28, 1929, the J. D. Young Corporation filed suit in the district court of Ector county, alleging that the building and annex were not finished in accordance with the terms of the contract, but that the roof was leaky and the rear end was not completed to prevent rain water from entering the store and annex, because of which, water entered the building and damaged lessee's stock of merchandise in the sum of $1,284.72, and furniture, bedding, and other articles commonly kept in a furniture store, for which purpose the premises were leased, were damaged by water. The plaintiff prayed a cancellation of the lease, tendered possession of the premises, and prayed judgment for said sum of $1,284.72, with foreclosure of lien allegedly given by virtue of article 5236, Rev. Stat. 1925.

McClintic Bros. answered by general and special exceptions, general denial, special answer, and cross-action for recovery of $840 delinquent rent alleged to be due under said lease contract.

In answer to special issues, a jury found (a) the building was erected in compliance with the written contract, but (b) the building was not suitable for a furniture business, (c) the tenant was not damaged by reason of the breach of contract, and (d) was indebted to the lessors in the sum of $840 for rent. Judgment was accordingly rendered denying the tenant any recovery for damages, and against him on the lessor's cross-action for rent, in the sum of $840.

The Court of Civil Appeals at El Paso concluded that the contract obligated McClintic Bros. (lessors) to erect a building suitable for a furniture business, and, upon their failure to do so, lessee was entitled to recover any damages sustained by it resulting from such failure, and, as the question of such damages was not passed on by the jury, reversed the trial court's judgment and remanded the cause. 26 S.W.(2d) 460.

Upon a retrial in the district court an itemized list of goods damaged, amounting to $984.72, was pleaded by plaintiff, lessee, recovery for which was sought, together with an additional $1,000 as general damages to the stock, not scheduled or itemized, because of a general depreciation, together with the cost of labor and repairs necessary to put the damaged goods and furniture in a saleable condition after being soaked by rain water.

A jury, to whom special issues were submitted, found that the McClintic Bros. did not erect for the lessee a building suitable for a furniture business, that plaintiff sustained damages in the sum of $1,984.72 because of the failure of McClintic Bros. to erect such a building, and that plaintiff used ordinary care to prevent further injury or damage from rains; on such findings the trial court rendered judgment in favor of plaintiff for the sum of $444.72, being the amount of damages found by the jury, less the amount of rent due by plaintiff to McClintic Bros., there seemingly having been no issue as to the amount of rent then due. The Court of Civil Appeals affirmed such judgment. 41 S.W.(2d) 686.

■ We think the conduct of plaintiff's counsel in his closing argument to the jury presents reversible error.

As shown by bill of exceptions, C. A. McClintic, one of the defendants, was asked by plaintiff's counsel the following question: "What was the cost of that building?" Objection thereto was sustained by the trial court. Afterwards in his closing argument to the jury, counsel for plaintiff stated "that building cost the McClintics about $1,900.00 and they received about $5,000.00 rent from plaintiff and now they do not want to pay him his damages caused by the rain pouring in." Objection thereto was made by defendants on the grounds that the same was prejudicial and inflammatory and not supported by the record; the objection was sustained by the court and the jury instructed not to consider the same for any purpose.

The rule is now settled in this state, as said in Texas Indemnity Ins. Co. v. Mc-Curry (Tex. Com. App.) 41 S.W.(2d) 215, 78 A. L. R. 760, that where improper argument has been indulged in, the adverse complaining party is entitled to a reversal, as a matter of law, if under all the circumstances, there is any reasonable doubt of its harmful effect or unless it affirmatively appears no prejudice resulted.

The trial court had excluded evidence of the cost of the building and that item was therefore not before the jury for consideration; notwithstanding this, counsel, after the evidence had been rejected, stated as a fact that the building had cost about $1,900. It was in the record that the lessee had paid rent for about three years at $140 per month and the inescapable inference was that the lessors had more than doubled their investment in such a short period of time, which was inequitable and exorbitant in comparison with the cost value, and the further inference that, even after allowing the amount of damages sought, the lessors would have been repaid more than the original investment in so short a period of time.

The defendant lessors were without the right of rebuttal, either by testimony or argument.

The jury's verdict, to our minds, reflects the prejudice caused by the improper argument. The plaintiff sued for $1,984.72 damages, of which $984.72 was itemized and $1,000 was claimed as general damage due to general depreciation in value of rain soaked merchandise; the jury's verdict was for the exact amount sued for.

Counsel must confine his argument to the facts and circumstances in evidence and to deductions fairly to be made from them; he will not be allowed to supplement the facts or emphasize his contention by injecting into the case, a discussion of matters not in evidence and not fairly within any reasonable deduction therefrom. Davis v. Hill (Tex. Com. App.) 298 S. W. 526.

The language may be so inflammatory or the disclosure of fact of such a nature that the sustaining of an objection and an instruction to the jury not to consider it, will not remove the prejudicial effect. The object of every trial is to give the parties a fair hearing according to the facts and circumstances properly before the jury. Ft. Worth & D. C. Railway Co. v. Hays, 51 Tex. Civ. App. 114, 111 S. W. 446; Trueheart v. Parker (Tex. Civ. App.) 257 S. W. 640; City of Austin v. Gress (Tex. Civ. App.) 156 S. W. 535; Texas & P. Railway Co. v. Rasmussen (Tex. Civ. App.) 181 S. W. 212.

In Hunstock v. Roberts (Tex. Civ. App.) 65 S. W. 675, 677, reference was made in argument to the value of certain property, which the court said had nothing to do with the case. The argument was repeated over objections and the court's admonition, but finally withdrawn by counsel and the jury instructed not to consider it. The Court of Civil Appeals, in reversing the judgment, said: "Counsel always takes the risk of forfeiting an otherwise good judgment when such course is pursued, and we think the rule ought to be enforced in this instance."

While in T. & N. O. Ry. Co. v. Harrington, 44 Tex. Civ. App. 386, 98 S. W. 653, 656, the trial court refused to stop an improper argument, and in that respect is differentiated from the instant case, and for that reason the judgment below was reversed, the doctrine there announced that "counsel should confine his argument to matters within the record, and counsel who desire a valid judgment should be careful to observe" the rules, is applicable here.

We recommend that the judgments of the trial court and the Court of Civil Appeals be reversed and the cause remanded for another trial.

CURETON, C. J.

The judgments of the district court and the Court of Civil Appeals are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.