## TEXAS EMPLOYERS INS. ASS'N v. ALLEN.

### No. 4568.

Court of Civil Appeals of Texas. Amarillo.

April 6, 1936.

Underwood, Johnson, Dooley & Huff, of Amarillo, for appellant.

James W. Witherspoon, of Hereford, and Clayton & Bralley, of Amarillo, for appellee.

MARTIN, Justice.

Appellee recovered judgment under the Texas Workmen's Compensation Statute. In response to appropriate special issues, the jury found in substance that appellee received injuries in the course of his employment which totally incapacitated him for work. It was shown that appellee received injuries to his spine resulting in total paralysis of his lower limbs. His incapacity for work was admitted, but appellant claimed and introduced much evidence tending strongly to show that such incapacity was the result of infantile paralysis. This defensive issue was submitted by the court in the following language:

"Special Issue No. 6.

"(a) Do you find, from the preponderance of the evidence, that Frank Allen has a disease known as infantile paralysis? Answer Yes or No.

"(b) If so, do you find, from the preponderance of the evidence, that such disease, if any, is not the sole cause of his incapacity to perform labor?"

To this, appellant properly filed the following objection, in part:

"Plaintiff objects to the court's special issue No. 6 (a) because same improperly puts the burden of proof on the plaintiff with respect to the existence of infantile paralysis. * * *"

In addition, it requested the submission of the following special issue:

"Do you find that infantile paralysis has caused the incapacity of the defendant, Frank Allen?"

Subdivision (a) of special issue No. 6 was answered "No," and (b) remained unanswered.

It is no longer an open question in Texas that a charge is erroneous which places the burden of proof upon an insurance carrier to establish the affirmative of an issue of the character quoted above. The reasons have been fully given in numerous authorities, and will not be here repeated. See Consolidated Underwriters v. Strahand (Tex.Civ.App.) 82 S.W.(2d) 1058, and authorities there collated.

The objection quoted was sufficiently specific, nor did the appellant invite such error by requesting the issue noted above. Texas

Employers' Ass'n v. White (Tex.Civ.App.) 68 S.W.(2d) 511, and authorities there cited.

Another alleged error may not under fuller pleadings and proof again be present, and will not be discussed.

Judgment reversed and cause remanded.