der the judgment in that case the mule was taken from appellee's possession. On the undisputed facts the lower court correctly instructed a verdict in favor of appellee, and on the verdict judgment was correctly rendered in his favor.

The judgment of the lower court is in all things affirmed.

## WHITEHEAD v. HARGIS.

### No. 3303.

Court of Civil Appeals of Texas.
Beaumont.
June 9, 1938.

## HARTFORD ACCIDENT & INDEMNITY CO. v. SHELTON.

### No. 5226.

Court of Civil Appeals of Texas.
Texarkana.
June 9, 1938.

Touchstone, Wight, Gormley & Price, of Dallas, for appellant.

Wm. V. Brown, of Texarkana, for appellee.

## WILLIAMS, Justice.

Alvin Shelton, appellee, and claimant below, filed this suit to set aside an award of the Industrial Accident Board and to recover compensation under the Texas Workmen's Compensation Act for loss of vision in his left eye. Dickey Clay Manufacturing Company was the employer and Hartford Accident & Indemnity Company, appellant, the insurer.

As a basis of recovery, appellee pleaded and contended that on August 7, 1935, during the course of his employment by said employer, he was struck in the left eye by a piece of glass-like shale which was dislodged from a kiln, resulting in the total and permanent loss of vision in that eye.

Appellant answered with a general denial and general demurrer. Appellant contended that appellee had received an injury to this eye in an accident in Oklahoma which had resulted in destroying the sight several years prior to the alleged injury involved in this suit.

The cause was tried to a jury. The judgment entered awarded claimant compensation for total and permanent loss of sight of his eye.

In answer to questions Nos. 1, 2 and 2-a the jury found from a preponderance of the evidence that the claimant received an injury to his eye on August 7, 1935, while in the employ of said employer, and that such injury alone resulted in total loss of sight in the left eye, and such total loss of sight was permanent. Issue No. 3 submitted to the jury reads: "Do you find from the evidence that plaintiff received an injury prior to August 7, 1935, which resulted in any loss of vision in his left eye?" The jury answered "No." Appellant timely excepted to this issue as worded, then urging that it failed to place the burden of proof on the claimant to establish the negative of said issue by a preponderance of the evidence. Other issues based upon this issue No. 3 were submitted in substantially the same form. It is patent that this issue No. 3 failed to place the burden of proof upon claimant to prove the negative, that is, to prove that he had not sustained an injury prior to August 7, 1935, which had resulted in any loss of vision of his left eye.

The evidence upon the respective contention as to when and how appellee had lost the sight of this eye was conflicting. Claimant on his cross examination testified that some five years prior to the date of the trial while driving a truck through some woods near Heavener, Oklahoma, a limb flew back and struck him in his left eye. He also testified that this blow made just a little red streak in that eye but that no treatment had been necessary for it. A married couple with whom he lived at that time testified that he did receive treatment, and that at that time a white spot formed in the eye. Claimant filed on August 13, 1935, a claim for total loss of vision in this eye. We will not further detail the evidence. Claimant admits that the evidence as to when and how his eye was injured is conflicting, for he states in one of his counter propositions:

"It is true that the principal evidence as to appellee's injuries came from himself and his wife, both interested, but each legally qualified witnesses, and that their testimony was contradicted by witnesses for appellant, yet such conflict was for the jury to determine, and the interest of appellee and his wife went to the weight to be given such testimony. * * *"

It is evident that this issue was sharply controverted by the evidence. The pleadings of the plaintiff and the general denial pleaded by defendant raised the issue. This being so, the burden of proof was upon claimant to prove that his loss of vision was not due to this alleged old injury. The burden of proof is upon a claimant in compensation cases on all issues. Article 8307, Sec. 5, R.C.S.1925, Vernon's Ann.Civ.St. art. 8307, § 5; 45 Tex.Jur. pp. 809, 845; Texas Ind. Ins. Co. v. McCurry, Tex.Com.App., 41 S.W.2d 215, 78 A.L.R. 760; Texas Emp. Ins. Ass'n v. Lemons, 125 Tex. 373, 83 S.W.2d 658; Psimenos v. Huntley, Tex.Civ.App., 47 S. W.2d 622; Texas Emp. Ins. Ass'n v. Allen, Tex.Civ.App., 93 S.W.2d 481; Consolidated Underwriters v. Strahand, Tex. Civ.App., 82 S.W.2d 1058; Greer v. Thaman, Tex.Com.App., 55 S.W.2d 519, ap-

proved by Supreme Court, and authorities there cited.

In view of the disposition of this appeal we pretermit a discussion of the other propositions advanced by appellant.

The judgment is reversed and the cause remanded.