## TEXAS CAB CO. v. PATTON.

### No. 10390.

Court of Civil Appeals of Texas. San Antonio.

Jan. 4, 1939.

Rehearing Granted Jan. 25, 1939.

Rehearing Denied March 1, 1939.

412

Randle Taylor, of San Antonio, for appellant.

Hayden C. Covington, of San Antonio, for appellee.

SMITH, Chief Justice.

Texas Cab Company sued John Patton in a justice of the peace court for damages alleged to have been inflicted upon one of the Cab Company's taxicabs in a collision between it and Patton's car. Patton reconvened and sought like judgment against the Cab Company for damages to his car in said collision. The Cab Company prayed for damages in the sum of $150; Patton, for $195. In a jury trial, on appeal to a county court at law, the Cab Company was denied any recovery, whereas, Patton recovered against it for $175. The Cab Company has appealed upon two propositions

of law, first, upon argument of counsel, and, second, upon the claimed insufficiency of the evidence to support the amount of damages awarded Patton.

It appears that in discussing the alleged acts of negligence of the taxicab driver, counsel for Patton said: "If I went into all the acts of negligence of the taxicab driver, I would have to cover everything in the calendar of crime."

It is recited in the approved bill of exception showing this incident, that "such statement and argument on the part of defendant's counsel was unprovoked and uninvited and not based upon any evidence or testimony placed before the jury." It appears that appellant's counsel objected, at the time, and the trial judge directed the jury not to consider the argument. Counsel for appellant again excepted, to which counsel for appellee retorted, in the presence of the jury, "that he would then stand upon the statement," whereupon counsel for appellant again excepted. The trial court, after approving the foregoing bill of exception, undertook to justify counsel's argument after having condemned it before, by withdrawing it from the jury by this qualification: "That immediately preceding the statement and argument set out in plaintiff's bill above, defendant's counsel had discussed two or three alleged acts of negligence of plaintiff's driver, and then continued by saying that because of his limited time for argument he was not going to discuss everything that we have charged the defendant's driver with, and then followed by saying, 'because if I went into all the acts of negligence of the taxicab driver, I would have to cover everything in the calendar of crime.'"

It affirmatively appears that the argument was unprovoked, uninvited and not based upon any evidence in the case, and was therefore improper by every test. The trial judge qualified the bill of exception, by the explanation, in effect, that the offensive argument was made because appellee's counsel having pointed out "two or three" acts of negligence of appellant's driver, and not having time to enumerate all the others, was obliged to sum them up in the omnibus charge that they would "cover everything in the calendar of crime." When the trial judge sustained appellant's objection by instructing the jury to disregard the argument, and appellant had again excepted, counsel reiterated and emphasized that argument by the statement that "he

would then stand upon his statement." The controlling question now is, Was the argument, concededly improper, and timed, staged and environed as it was, such as was calculated, beyond a reasonable doubt, not to prejudice appellant in the minds of the jury in such way as to influence their findings in the case? If such doubt is felt, then the judgment must be reversed. Texas Indemnity Ins. Co. v. McCurry, Tex.Com. App., 41 S.W.2d 215, 78 A.L.R. 760; Robbins v. Wynne, Tex.Com.App., 44 S.W.2d 946; McClintic v. J. D. Young Corp., Tex. Com.App., 66 S.W.2d 676.

 We are of the opinion that the judgment must be reversed under the undisputed facts, and the authorities cited. It is true that there are only two ultimate questions in the case, negligence and amount of damages, both of which the jury resolved against appellant. Appellant has not assigned error in the matter of negligence, conceding that he is cut off from that complaint because the evidence thereon conflicted, rendering the jury finding final. But appellant vigorously assails the finding of the amount of damages, pointing out that the jury grasped at the highest possible estimate, which, itself, was of very doubtful force or effect. It is pointed out that the jury, concluding that they could not register their prejudice in the findings on negligence, which they may have resolved against appellant—a taxicab owner—in any case, turned to the only alternative issue, damages, which, being flexible, offered a target for resentment. The testimony on the issue of damages was vague, indefinite and unsatisfactory, and it may be that the jury would have awarded a materially smaller amount but for the improper argument of counsel.

The judgment is reversed and the cause remanded for another trial.

### On Motion for Rehearing.

In his motion for rehearing appellee strenuously insists that this Court erred on both propositions upon which the judgment was reversed, to-wit: that the argument of counsel was improper, and it is not apparent from the record that this error was harmless.

We have carefully reexamined the record. We adhere to the holding that the argument complained of was improper, in view of circumstances surrounding it, as shown by bill of exception.

The undisputed evidence was that the difference between the values of appellee's car before and after the accident was $150 or $175. The jury awarded the highest amount to appellee. They could not have reasonably awarded less than $150, but could properly have limited it to that amount. We cannot say the jury were not led, by the improper argument, to award the larger amount.

In this view of the case we think the most practicable proper course is to overrule appellee's motion, unless within ten days he files a remittitur of $25 from the judgment, in which event appellee's motion should be granted and the judgment affirmed, at the cost of appellee. It is so ordered.

Motion granted upon condition.