FIRST NAT. BANK OF IOWA CITY, IOWA, v. HUMPHREYS. (No. 1284.)

(Court of Civil Appeals of Texas. Texarkana. March 26, 1914.)

1. BILLS AND NOTES (§ 370*)—ACTIONS—CONSIDERATION.

Defendant purchased a lot of jewelry, giving his note for the purchase price, the seller agreeing to give a bond as security, for its guaranty of the quality of the goods. *Held* that, when transferred to a bona fide purchaser without notice, defendant could not set up the fraud of the seller in refusing to execute the bond, for the debt was sufficient consideration to support the note, and, as the fraud did not affect the execution of the instrument, the note could not be impeached in the hands of a bona fide purchaser.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 963; Dec. Dig. § 370.*]

2. BILLS AND NOTES (§ 92*)—CONSIDERATION—SUFFICIENCY.

Where a note is taken as collateral security for a debt then created, the debt is sufficient consideration to support the note.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 166–173, 175–205, 208–212; Dec. Dig. § 92.*]

3. BILLS AND NOTES (§ 537*)—ACTIONS—BONA FIDE PURCHASE.

Where there was nothing in any way to impeach the testimony of the cashier of a bank which held the note in suit that it was purchased before maturity for value and without notice of the payee's fraud, it is proper to direct a verdict in favor of the bank.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1862–1893; Dec. Dig. § 537.*]

Appeal from Van Zandt County Court; C. L. Stanford, Judge.

Action by the First National Bank of Iowa City, Iowa, against A. J. Humphreys. From a judgment for defendant, plaintiff appeals. Reversed and rendered.

L. Davidson, of Canton, for appellant. R. M. Lively, of Canton, for appellee.

HODGES, J. The appellant sued the appellee in the county court of Van Zandt county to recover the sum of $220 due upon a promissory note. The facts show that on March 30, 1910, the appellee executed and delivered the note sued on to the Equitable Manufacturing Company. By its terms the note was payable to the order of that company in installments, the first of which was due four months after date, and the last, one year after date. It appears from the evidence that the appellant acquired the note in due course of trade, before the maturity of the first installment. The appellee in his answer admitted the execution of the note, but claimed that it was void by reason of a fraud perpetrated at the time of its execution. The facts stated in the answer are, in substance, as follows: The defendant was a merchant, and was approached by an agent of the Equitable Manufacturing Company, and solicited to purchase a lot of jewelry. After some negotiations, a trade was concluded, and the appellee agreed to execute his note for $220 for a designated quantity of the goods. At the time the note was procured, it was agreed by and between the appellee and the agent of the manufacturing company that the latter would execute a bond as security for its guaranty that the quality of the goods was as represented, and this bond was to be deposited in the First National Bank of Canton, Tex., before the note was to become effective. Appellee further alleges that the goods were shipped and received, but no bond was ever executed, and for that reason the contract to pay the note was never a binding obligation. The appellant alleged and proved that it procured the note for value in due course of trade, without notice of the defenses alleged in the answer.

[1, 2] The court gave, among others, the following charge: "If you believe from the evidence that, at the time defendant signed the instrument sued on, and simultaneously with the signing of said instrument, the agent of the original payee agreed and promised to furnish a good and valuable bond, or obligation, to protect defendant in the sale and handling of said jewelry, and that said bond, or obligation, was to be so furnished as set out in defendant's answer, and that the defendant was induced by said promise to so furnish said bond, or obligation, to sign said note, and that said note was to be of no effect until said bond, or obligation, was so furnished, and you further find from the evidence that the said original payee failed and refused to comply with said promise, if you find any promise was made to furnish said bond, or obligation, then you will find for the defendant." In view of the undisputed facts, this charge should not have been given. Davis v. Gray, 61 Tex. 506; Mulberger v. Morgan, 34 S. W. 148; Wilson v. Denton, 82 Tex. 536, 18 S. W. 621, 27 Am. St. Rep. 908; Collins v. Gilbert, 94 U. S. 753, 24 L. Ed. 170; 1 Daniel on Negotiable Instruments, §§ 836, 854; Tiedman on Commercial Paper, §§ 280, 286. Where a note is taken as collateral security for a debt at that time created, and on the faith thereof, the consideration is sufficient, and the indorsee is a purchaser for value in due course of business. 7 Cyc. 930, and cases cited in the notes.

In order for fraud to be available against an innocent holder for value, it must relate to the execution of the instrument, not merely to the consideration. In other words, the

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

fraud must be such as to render the execution void not merely voidable. See cases cited above. According to the appellee's own testimony, the instrument he signed is just what he intended to sign, and fully expressed the contract. Hence there is nothing to impeach its validity. The bond referred to was a part of the consideration for the note, and the failure to furnish the bond was a failure of the consideration to that extent. The note was delivered to the payee, or its agent, and thereby permitted to enter the channels of commerce as a valid and binding obligation. Unquestionably the charge of fraud, if true, would constitute a good defense as between the maker and the original payee, or one purchasing with notice, actual or constructive.

[3] The evidence showing a purchase by the appellant before maturity, for value, without notice of the defensive matter, consisted of the deposition of its cashier. There is nothing in the record which in any way tends to impeach the credibility of this witness. Under the circumstances, the court should have instructed a verdict for the appellant. Long v. Shelton, 155 S. W. 945.

The judgment of the trial court will be reversed, and here rendered for the appellant for the amount sued for, and all costs both of this court and the court below.