FOSTER v. IOWA CITY STATE BANK.
(No. 5970.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 20, 1918. Rehearing Denied March 20, 1918.)

1. ALTERATION OF INSTRUMENTS ⬦12 — DETACHING NOTE FROM ORDER—CONSENT OF MAKER.

Where a contract for the sale of perfume gave the seller absolute authority to detach from the order for the goods the note signed by the buyer, when the seller approved the order and shipped the goods, the buyer was not released from liability on the note by seller's so doing.

2. BILLS AND NOTES ⬦378—HOLDER IN DUE COURSE—DEFENSES.

Where an order for perfume was given, and the buyer signed the note attached to the order, and the seller detached such note before the goods were shipped, contrary to his agreement that it should not be detached until the goods were shipped and accepted, and sold the note to a purchaser for value without notice, the purchaser of the note was not prevented from being an innocent purchaser, even if the order was changed after execution.

3. ALTERATION OF INSTRUMENTS ⬦9—ORDER FOR GOODS—ENTRY ON MARGIN.

Where perfumes were sold, and the seller's agent entered on the margin of the order, "One oak showcase free," such words did not alter the written order, to which the buyer's note was attached, because the showcase was not a part of the order, and did not purport to be any part of it.

Appeal from Bexar County Court for Civil Cases; Jno. H. Clark, Judge.

Suit by the Iowa City State Bank against M. E. Foster. From a judgment for plaintiff, defendant appeals. Affirmed.

Wm. H. Russell, of San Antonio, for plaintiff in error. C. A. Davies and Frank H. Sweet, both of San Antonio, for defendant in error.

FLY, C. J. This is a suit by appellee on a promissory note for $148 executed by the Foster Company, owned by appellant, in favor of the Donald-Richard Company of Iowa City, Iowa, and transferred by the payee to appellee. The defense was that the note was given for goods ordered by appellant which were to be accompanied by a mahogany showcase, but that the showcase sent was one which would not harmonize in color with the mahogany finished fixtures in her store, and she refused to accept the same, and that the Donald-Richard Company detached her note from the order of which it was an "integral part," without her knowledge or consent, and sold it to appellee, who was not an innocent purchaser of the note. The justice's court rendered judgment for appellant, but on appeal to the county court the jury that heard the case was instructed to return a verdict for appellee in the sum sued for, which was done, and judgment rendered in accordance therewith.

The evidence shows that appellee ordered certain perfumes and toilet articles, and gave a note for $148, payable in installments of $37 each, due in three, six, nine, and twelve months, nonpayment of any installment maturing the whole note, at the option of the holder. She swore that an inducement to the order was the gift of a mahogany showcase. When it came it was oak. The note was purchased for value, without notice, before maturity, by appellee. The contract or order, which was accompanied by the note, gave authority to the seller of the goods to detach it therefrom when the order of the agent was "approved and shipped." It was so detached by the seller of the goods and sold to appellee. There was evidence that the oak showcase was described in the order when it reached the seller of the goods. There is no evidence tending to show that the order was changed after it was signed. There was no inducement to change from mahogany finish to oak finish because the latter was higher than the former. But if the order was changed there is not one word of evidence tending to show that appellee knew it, or had any reason to suspect it when it bought the note before maturity for value. The note did not give any information as to any kind of a showcase.

[1] The first assignment is without merit. The contract gave absolute authority to the seller of the goods to detach the note when he approved and shipped the goods. If, as contended by appellant, a nonnegotiable note was changed into a negotiable note by being detached from the order for the goods, she had authorized such act on the part of the seller. If the order had been shown to appellee even as appellant said it was, it would not have shown anything about a mahogany showcase.

[2] The note was never altered in any re-

spect, even if the order was, and propositions and authorities on alteration of notes have no applicability to the facts of this case. Suppose the order was changed, suppose that the note was detached before the goods ordered were shipped, and then the note was sold to a purchaser for value without notice; would that prevent the purchaser from being an innocent purchaser? We think not. The bank did not deal with a special agent of the seller, but with the seller himself.

[3] Appellant testified that nothing was mentioned in the order about a showcase so that, if that order had accompanied the note, it would not have given appellee notice that a showcase should have been shipped with the other articles, and if the words "One oak showcase free" had been on the margin of the order, it would not have been an alteration of the contract, and would only indicate to any one that a gift had been made of an oak showcase. The words entered on the margin did not alter the written order, the only one sent to the seller by the agent, because the showcase was not a part of the order, and did not purport to be any part of it.

The evidence fails to show that there was anything in or on the note which would give notice that it had been attached to an order for goods, but it was like any other negotiable note.

The judgment is affirmed.