## SECURITY FINANCE CO. v. SCHOENIG.
### (No. 7739.)

(Court of Civil Appeals of Texas. San Antonio. March 23, 1927.)

**Bills and notes** ⬦⟹525—**Evidence held to show plaintiff transferee of notes for phonographs was good-faith purchaser for value.**

In action on notes given by purchaser of phonographs, evidence in support of claim that plaintiff was owned and controlled by payee of note *held* insufficient to show plaintiff not a good-faith purchaser for value.

Appeal from Kendall County Court; J. A. Phillip, Judge.

Action by the Security Finance Company against Arthur Schoenig. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

Hertzberg, Kercheville & Thomson, of San Antonio, for appellant.

Dwyer & Russell, of San Antonio, for appellee.

COBBS, J. Appellant sued appellee upon six promissory notes, dated Boerne, Tex., January 28, 1924, executed by appellee, payable to Brenard Manufacturing Company; five notes being for the sum of $40 each and the last for $28.84. The first note fell due two months after date and the others monthly thereafter, all providing for reasonable attorney's fees in case of default. It was agreed by the parties that reasonable attorney's fees would be 10 per cent. of the amount of principal and interest due. The appellant sued on said notes, alleging ownership thereof by purchase for value and as an innocent purchaser before maturity.

Appellee answered, admitting the execution of the notes, but asserted that they were given in payment of imperfect goods and merchandise consisting of claxtonolas, and that the warranty was breached. These claxtonolas, being phonographs, and the records for same, were tried and found to be imperfect and faulty and utterly worthless and of no value to appellee, and appellee returned said goods to the vendor, and the consideration of the notes thereby failed. Appellee denied that the notes were sold for a valuable consideration, because appellant company was owned, controlled, and dominated by the payee in the notes, the Brenard Manufacturing Company, through some plan or scheme of the Brenard Manufacturing Company, and was not an innocent purchaser for value, and that by the said pretended sale a fraud was perpetrated upon appellee, as appellant had knowledge of the defects in said merchandise at the time the notes were acquired. But if mistaken appellant was an agent for said company, the payee, in the collection of the notes, and appellant paid nothing for the same and did not acquire title to them before maturity, and thereby the two companies further conspired to perpetrate a fraud upon appellee in the sale and negotiation of the said notes. The case was tried by the court without a jury and judgment rendered against appellant.

We have read the briefs of both parties, and read specially and very carefully the statement of facts, and have discovered no real and substantial defense available to appellee sufficient to defeat the recovery. Appellant has shown that the notes were acquired by it in good faith, for value, and without any vice in them. Olcott v. Ferris (Tex. Civ. App.) 24 S. W. 848. The notes were attached to the contract for the purchase and shipment of the goods, with the authority of the payee to detach them. They were attached wih perforated lines for the purpose of easy detachment, and the instrument permitted their detachment, which was done, and they appeared just as any other negotiable note would, without giving any notice of any defect in their execution. Foster v. Iowa City State Bank (Tex. Civ. App.) 201 S. W. 733.

Appellee offered no probative testimony that disproved the testimony of appellant, which showed a prima facie case. As the challenged testimony offered by appellee, through the attorneys, is so irrelevant, but harmless, we pass it by without any discussion.

There is no theory based upon legitimate testimony that tends to support the contention of appellee or justifies the judgment of the trial court. The notes were executed and delivered with the contract for the purchase of the goods, which were delivered to appellee, and the notes were authorized to be and were detached from the contract, and thereafter, for value and without any notice of any vice in the transaction sold and delivered to the present holder, appellant, who has been shown to be, almost without contradiction, an innocent purchaser for value.

The judgment of the trial court will, for the reasons stated, be reversed and judgment here rendered for appellant; that appellant do have and recover judgment against appellee for the amount of said notes, principal and interest, and attorney's fees at the

---

rate of 10 per cent. on the amount of the principal of said notes and the interest thereon:

Reversed and rendered.