## SHELDON et al. v. STEVENS.

No. 12460.

Court of Civil Appeals of Texas. Fort Worth.
June 13, 1931.

Rehearing Denied July 11, 1931.

B. W. Tipton, of Electra, for appellants.

Ewing Clagett, of Wichita Falls, for appellee.

DUNKLIN, J.

A. H. Sheldon and Alfred Balko, copartners doing business under the firm name of Electra Radio Shop in Electra, Tex., entered into a written contract with the Brenard Manufacturing Company, of Iowa City, Iowa, for the purchase of certain merchandise, including three radio sets, two radio and graphaphone sets, and two straight graphaphones, the consideration for which purchase was twelve promissory notes executed by the partnership firm, payable to the manufacturing company or order, all of even date with the contract of purchase, falling due at different dates and in different amounts, with interest from date and the usual stipulation for attorneys' fees. The notes were negotiable in form, and this suit was instituted by F. L. Stevens, the assignee and holder, against A. H. Sheldon and Alfred Balko, members of the partnership firm, to recover the amount due on the notes; and from a judgment in favor of plaintiff, the defendants have prosecuted this appeal.

The case was tried before the court without a jury, and the trial judge filed findings of fact and conclusions of law, which appear in the record.

As shown on the backs thereof, the notes were duly transferred to the plaintiff, and one of the findings of the trial judge was that the plaintiff purchased those notes for a valuable consideration before maturity and without notice of any infirmity therein or any defense that the defendants might have against their collection; and one of the conclusions reached by the trial judge was that by reason of the fact that plaintiff was the holder of the notes in due course, he was entitled to recover the amount due thereon according to their face and tenor; and the judgment rendered was for the sum of $1,128.10, which was a correct computation of the amount due on the notes, including principal, interest, and attorneys' fees. The facts so found by the trial judge were duly supported by the evidence introduced, and by reason thereof, the judgment of the trial court must be affirmed.

One of the defenses urged by the defendants was that the notes were procured by fraud on the part of the sales agent of the Brenard Manufacturing Company, the payee

of the notes, which induced the defendants to execute them; and complaint is made here of the action of the trial court in failing to sustain that plea of fraud. However, the finding by the trial judge already noted was that plaintiff was a purchaser of the notes in due course without notice of such fraud, and that finding of itself precludes the defense of fraud urged by the defendants.

Article 5935, § 57, Rev. Civ. Statutes 1925, reads: "A holder in due course holds the instrument free from any defect of title of prior parties, and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon."

See, also, First National Bank v. Humphreys (Tex. Civ. App.) 166 S. W. 53; Security Finance Co. v. Schoenig (Tex. Civ. App.) 292 S. W. 556; Security Finance Co. v. Floyd (Tex. Civ. App.) 294 S. W. 1113.

Accordingly, all assignments of error are overruled, and the judgment is affirmed.