## HUMBLE OIL & REFINING CO. v. BUTLER et ux.

No. 918.

Court of Civil Appeals of Texas. Eastland.

Jan. 22, 1932.

Rehearing Denied Feb. 19, 1932.

McCormick, Bromberg, Leftwich & Carrington, of Dallas, and Cox & Hayden, of Abilene, for appellant.

Scarborough, Ely & King, of Abilene, for appellees.

HICKMAN, C. J.

This suit grew out of the same accident as that involved in cause No. 938, Humble Oil & Refining Company v. D. C. Ooley et al (Tex. Civ. App.) 46 S.W.(2d) 1038, this day decided by this court. It was instituted by appellees T. R. Butler and wife, Beulah Butler, against appellant Humble Oil & Refining Company for damages for personal injuries sustained by Mrs. Butler in a highway collision, which occurred near Mulberry Creek on State Highway No. 1, between the cities of Abilene and Sweetwater. The appellant, by cross-action, brought in D. C. Ooley, driver and owner of the car in which Mrs. Butler was riding, seeking judgment against him for whatever amount, if any, judgment should be rendered against it; the theory being that, if it was guilty of negligence, such negligence was passive, and Ooley was guilty of active negligence warranting judgment over and against him. Mrs. Butler was a guest of the Ooleys, riding in the back seat of their car.

By the findings of the jury in answer to special issues, appellant was found guilty of negligence, which was the proximate cause of the injuries; both Mr. Ooley and Mrs. Butler were exonerated of contributory negligence, and the damages were assessed at $1,400. No questions are presented as to the correctness of the court's charge in any particular, and the only bills of exceptions relied on relate to the argument of counsel. In addition to the assignments relating to improper argument, there are presented assignments directed at the refusal of appellant's request for a peremptory instruction in its favor and assignments challenging the sufficiency of the evidence to support various answers of the jury to special issues.

■ There is no material difference between the testimony in this case and that in its companion case as to the facts and circumstances surrounding the accident. We shall not, therefore, discuss the assignments with regard to the sufficiency of the evidence to

support the jury's findings of primary negligence and proximate cause, or of its findings exonerating the driver of contributory negligence. They are overruled on the authority of the companion case. The contention that the evidence convicted Mrs. Butler of contributory negligence is without merit. On the contrary, the overwhelming evidence supports the finding that she was not guilty of contributory negligence in failing to warn the driver. The undisputed evidence shows that he had been driving carefully and at a lawful speed.

There are many bills of exceptions complaining of the argument of counsel. The first bill which we shall notice complains of the following proceedings, which took place during the opening argument of one of the attorneys for appellee:

"Now let's get down and try to see whether or not Mr. Ooley was at fault, or whether or not the Humble Oil & Refining Company is to blame, as we contend that they were. There are great big, wide shoulders out there on that highway for people to park upon when it is necessary to stop a car, and the average man is presumed to know the law of this state that you shall not park upon the pavement—

"Mr. Leftwich: We except to the argument of counsel.

"The Court: Sustain the objection. Don't consider it.

"Mr. Leftwich: And we ask the court to instruct the jury—

"Mr. Scarborough: We except to the court excluding that argument, because our Statute—

"The Court: It is not in the charge. The court's charge contains all of the law the jury has.

"Mr. Leftwich: We except to counsel's remark that it is the statute, in the presence of the jury.

"The Court: Don't consider it.

"Mr. Ely: I withdraw it; that part of the statement, but I will say this, it is not for me to state the law, but that every man in the state is presumed to know the law—

"Mr. Leftwich: We except to the argument.

"Mr. Ely: Every man must know—

"Mr. Leftwich: We ask the court to instruct the jury not to consider it.

"The Court: Overrule the objection.

"Mr. Leftwich: We except.

"Mr. Ely: I am not telling you, under the court's instructions and on persistent objections of counsel, what the law is—

"Mr. Leftwich: We further object to that argument of counsel. We have got a right to make our legal objections and we object—

"The Court: All right.

"Mr. Leftwich: We ask the court to instruct the jury not to consider it.

"Mr. Ely: When they are through I want to proceed with the case.

"The Court: Proceed.

"Mr. Ely: I think he could make his objections quietly.

"Mr. Leftwich: We object to that remark of counsel about our making the objection.

"The Court: All right.

"Mr. Leftwich: We except."

This bill manifests error.

There are several bills of exceptions in the record complaining of argument of counsel to which objections were made for the first time in the motion for rehearing. We shall not set out all of this argument claimed to have been inflammatory and prejudicial, but a few excerpts will be given. In the opening argument of one of the appellee's attorneys, after telling the jury that they had a lot of questions to answer, and that it took their good time to sit on the jury and work, and then go into a hot jury room and go over all these questions and answer them, he made the following argument: "But you have got it to do, and your fellow citizens have got that task to perform. Just so long as we have highways in Texas, just so long as trucks and busses and motor vehicles are allowed to run upon the highways of this state, you want your highways safe and I want them safe for the traveling public, for you and your wife and your children to travel upon."

Then again: "You are forced to find this man was negligent under the circumstances. If you don't, I can't imagine by what process of mental gymnastics you can arrive at any other conclusion. If you don't find they were negligent, turn the roads over to them and say, 'Kill, mangle and destroy.' You have got to find he was negligent to stop there, that one hundred foot train."

At another period in this same argument this language was employed: "We expect a fair, square shake at this thing. The matter may not be important to you. It is hard to get in the other fellow's shoes and wear them just like he does. You sit over there on the jury; you sit over there as arbitrators in this matter. As I say, it may not seem of great importance to you but it is important to this woman; it is important to Mr. Ooley how you gentlemen go out here and answer these questions. It is a serious, absorbing, important question; it is important to this woman; it is important to Texas; it is important to the public because on the fair square determination of issues of this kind depends the safety and welfare of the people who are buying and paying for these highways. It is

your business to approach this question carefully and cautiously; it is important to these that your verdict be arrived at in a careful, painstaking manner in this case."

Another argument made in the same address was in this language: "You are not going to have safety in this state for your wives and your children and yourselves until you hold these fellows to a strict accountability in cases of this kind."

Another one of appellees' attorneys, in the closing argument to the jury, used this language: "You gentlemen alone can make the highways of Texas safe; I can't do it; Mr. Ooley can't do it, but you and you alone can do it."

And then again: "It seems to me that the highways of Texas ought to be safe for the old man as well as the young. It does not necessarily mean that every man who goes upon the highway must be an expert driver in his youth and vigor, but in our civilization it should be safe for everybody, and you are the only power or authority that can make it safe. Nobody else can do it. They can go out there and park these trucks in the middle of the road at night, without lights, and nobody can give redress except a jury of twelve good and lawful men."

That practically all of the above-quoted argument was improper seems to admit of little doubt. The general effect of it all was to summon the jury to the high duty of making the highways safe for their wives and children. This end was to be accomplished by answers to special issues in this case. Had objections been interposed thereto at the time such arguments were made, and such objections been overruled, our duty to reverse the judgment on account thereof would have been plain. Our duty is not so plain in the absence of objections. But there is a well-established rule in our practice, followed by this court in Hewitt v. Buchanan, 4 S.W.(2d) 169, and Nicholson v. Nicholson, 22 S.W.(2d) 514, that improper argument, inflammatory in its nature, injecting into the case matters not properly a part of it, and calculated to prejudice the rights of the losing party before the jury, may, in a proper case, be complained of on appeal, though objection was urged thereto for the first time in a motion for new trial. This is a well-recognized rule. Floyd v. Fidelity Union Casualty Co. (Tex. Com. App.) 24 S.W.(2d) 363; 3 Tex. Jur., § 147, pages 223, 224, and many authorities there cited.

We have concluded, after carefully considering the authorities, that the arguments above quoted make this a proper case for the application of this rule.

The judgment of the trial court will be reversed, and the cause remanded.