**STEWART et ux. v. COATS et al.**

No. 4796.

Court of Civil Appeals of Texas. Texarkana.
Jan. 23, 1936.

Tom L. Beauchamp, Frank Bezoni, and Will Mann Richardson, all of Tyler, for appellants.

Brachfield & Wolfe, of Henderson, and Florey & Wakeman, of Overton, for appellees.

JOHNSON, Chief Justice.

J. H. Stewart and wife, O. J. Stewart, as plaintiffs in the trial court sued W. B. Coats, T. H. Coats, and Homer Heckford, seeking to recover of the three defendants the sum of $1,025 alleged to be the balance due plaintiffs as the consideration for the conveyance of an oil and gas lease executed by plaintiffs and Homer Heckford to J. C. Prime. It was alleged by plaintiffs that they and Homer Heckford were equally interested in said oil and gas leasehold, and that they joined in the lease with Heckford to Prime; that Heckford represented that the consideration paid by Prime was $2,000, and that he settled with plaintiffs upon that basis, whereas in truth and in fact, they alleged, Prime paid Heckford the sum of $4,000. Plaintiffs further alleged that defendants W. B. and T. H. Coats were partners of, and interested with, Heckford in the transaction, and were liable to plaintiff for their share of the lease money unaccounted for by Heckford.

Plaintiffs' petition also sought to cancel a mineral deed executed by plaintiffs, conveying to W. B. and T. H. Coats the one-eighth royalty interest in 6.11 acres of land belonging to plaintiffs, for which W. B. and T. H. Coats paid plaintiffs a consideration of $500. One of the alleged grounds upon which plaintiffs sought to cancel the royalty deed was that it had not been properly explained to Mrs. Stewart in taking her acknowledgments thereto.

Defendants W. B. and T. H. Coats answered by general denial and a denial under oath of the alleged partnership with Heckford. Heckford did not answer, and judgment by default was taken by plaintiffs against him.

Upon answers of the jury to special issues, judgment was entered in favor of the plaintiffs and against all defendants for $1,000 on plaintiffs' moneyed demand. On plaintiffs' plea for cancellation of a royalty deed, judgment was entered against plaintiffs and in favor of defendants that plaintiffs take nothing by that plea.

Defendants Coats brothers have appealed, complaining of that part of the

judgment rendered against them for $1,000. Plaintiffs Stewart and wife have appealed from that part of the judgment denying them cancellation of the royalty deed. The two appeals are presented in one record, and the parties will be referred to as they were aligned in the trial court, plaintiffs and defendants. Each side complain of statements made by opposing counsel in their respective arguments to the jury.

■ Defendants Coats brothers, by their first bill of exceptions, complain of the following statement made by counsel for plaintiffs in his closing argument to the jury, to wit: "They, the Coats brothers, talk about fair dealings, and the $500 they paid to J. H. Stewart and wife—why, that is the same money that these vultures stole from them."

On the other side of the appeal, plaintiffs Stewart and wife, by their fourth bill of exceptions, complain of the following statement made by counsel for defendants in his argument to the jury, to wit: "If you find against us in this case, you will set a precedent that won't let a title in this County be safe."

The issues of fact in the case were sharply contested in the testimony, and each of the arguments complained of appears to come well within the character of statements condemned by our courts as constituting reversible error. Galveston, H. & S. A. R. Co. v. Washington, 42 Tex.Civ. App. 380, 92 S.W. 1054; Coleman v. Miller (Tex.Civ.App.) 19 S.W.(2d) 829; Missouri, K. & T. Ry. v. Huggins (Tex.Civ.App.) 61 S.W. 976; McClintic v. J. D. Young Corporation (Tex.Com.App.) 66 S.W.(2d) 676; Robbins v. Wynne (Tex.Com.App.) 44 S. W.(2d) 946; Texas Indemnity Ins. Co. v. McCurry (Tex.Com.App.) 41 S.W.(2d) 215, 219, 78 A.L.R. 760; Humphreys v. Roberson (Tex.Com.App.) 83 S.W.(2d) 311; Ft. Worth & D. C. R. Co. v. Hays, 51 Tex.Civ.App. 114, 111 S.W. 446; Trueheart v. Parker (Tex.Civ.App.) 257 S.W. 640; City of Austin v. Gray (Tex.Civ. App.) 156 S.W. 535; Humble Oil & Refining Co. v. Butler (Tex.Civ.App.) 46 S. W.(2d) 1043; Jones v. Guy (Tex.Civ.App.) 71 S.W.(2d) 913; Bell v. Blackwell (Tex. Com.App.) 283 S.W. 765.

There are no facts in the record that will authorize the assertion that Coats brothers had stolen $500 from plaintiffs or that they had stolen any other sum of money from plaintiffs; nor does the record in any way warrant the characterization of Coats brothers as "vultures." The language is very drastic and of a nature calculated to prejudice the jury against Coats brothers and their defense. Its injurious effect is apparent from its reading. The argument was timely objected to, but the court refused to sustain the objection or to withdraw it from the jury. While we doubt that a withdrawal of the statement could have ·erased ·its injury from the minds of the jury, yet the trial court's refusal to instruct the jury not to consider it is calculated to have the effect of adding to the· weight of its injury the court's implied approval of the argument. Hence it cannot be safely said that it was not the effect of this argument that caused the jury to return the verdict in favor of plaintiffs and against the Coats brothers for the money which plaintiffs claim Heckford failed to account to them for in the sale of the lease and concerning which transaction the Coats brothers had testified that they had no connection or knowledge and that they were not partners with Heckford.

■ On the other hand, referable to the royalty deed which plaintiffs were seeking to cancel against Coats brothers, the statement of counsel for defendants to the jury that, "if you find against us in this case, you will set a precedent that won't let a title in this County be safe," is plainly calculated to have the subtle effect of creating prejudice and fear in the minds of the jury that a verdict rendered by them against defendants would result in impairing their own titles and likewise the titles of their neighbors. In harmony with counsel's solemn warning on this issue, the jury's verdict was for the defendants; hence it may have had its desired effect.

■ It is contended that plaintiffs waived any error as to the statement made to the jury by counsel for the defendant, in failing to object to the statement at the time it was made and to ask the court to withdraw it from the jury. The statement was first complained of by plaintiffs in their motion for new trial. Ordinarily improper argument is waived if not objected to at the time it is made, but such is not the case where the argument is of such a nature as that its withdrawal by the court will not cure the injury caused by its utterance to the jury. The impulse to protect the title to one's own property is very strong. The fear to return a verdict that would impair the title of his neighbors

when aroused could not be very easily allayed. We doubt that an instruction from the court not to consider it would have erased the injury from the minds of the jury caused by counsel's warning that a verdict against his clients would "set a precedent that won't let a title in this County be safe." In the case of Humble Oil & Refining Co. v. Butler, supra, which was an automobile collision case, the court held that counsel's warning to the jury to do their duty in making the highways safe was such argument as required reversal of the case though unobjected to at the time it was made. Other cases to the same effect are cited above.

The judgment of the trial court is reversed, and the cause remanded.