### COATS et al. v. STEWART et al.

### No. 3886.

Court of Civil Appeals of Texas. El Paso.

Dec. 14, 1939.

Rehearing Denied Jan. 11, 1940.

Brachfield & Wolfe, of Henderson, for appellants.

Tom L. Beauchamp, of Austin, and Clifford L. Stone, of Henderson, for appellees.

PRICE, Chief Justice.

This suit was filed in the District Court of Rusk County on the 19th day of October, 1932, by appellees, as plaintiffs, against W. B. Coats, T. H. Coats, Homer L. Heckford, D. L. Wakeman, and Homer E. Florey, as defendants. Before the trial appellees dismissed their suit as to defendants Florey and Wakeman. The case was submitted to the jury on seventeen special issues and a verdict was returned thereon. On the verdict judgment was rendered by the Court in favor of appellees cancelling a certain mineral deed from appellees to the appellants T. H. Coats and W. B. Coats, and adjudging recovery of $9,858.-62 against said appellants; further, that appellees recover from appellants and defendant Heckford the sum of $1,000. Appellants T. H. Coats and W. B. Coats duly perfected their appeal from this judgment and the case is here for review.

This appeal is from the judgment on the second trial of this case. On the first trial both appellees here and appellants there perfected an appeal from the judgment to the Texarkana Court of Civil Appeals. The judgment was reversed and the cause remanded for a new trial. The basis of the reversal was on argument of counsel on both sides. Other matters were not discussed in the opinion. See Stewart et ux. v. Coats et al., Tex.Civ.App., 91 S.W.2d 421. The pleadings on the two trials were practically identical, and for a statement thereof we will literally follow that contained in the opinion on the former appeal.

J. H. Stewart and wife, O. J. Stewart, as plaintiffs in the trial court, sued W. B. Coats, T. H. Coats, and Homer Heckford, seeking to recover of the three defendants the sum of $1,025 alleged to be the balance due plaintiffs as the consideration for the conveyance of an oil and gas lease executed by plaintiffs and Homer Heckford to J. C. Prine. It was alleged by plaintiffs that they and Homer Heckford were equally interested in said oil and gas leasehold, and that they joined in the lease with Heckford to Prine; that Heckford represented that the consideration paid by Prine was $2,000, and that he settled with plaintiffs upon that basis, whereas in truth and in fact, they alleged, Prine paid Heckford the sum of $4,000. Plaintiffs further alleged that defendants W. B. and T. H. Coats were partners of and interested with Heckford in the transaction, and were liable to plaintiffs for their share of the lease money unaccounted for by Heckford.

Plaintiffs' petition also sought to cancel a mineral deed executed by plaintiffs, conveying to W. B. and T. H. Coats the one-eighth royalty interest in 6.11 acres of land belonging to plaintiffs, for which W. B. and T. H. Coats paid plaintiffs a consideration of $500. One of the alleged grounds upon which plaintiffs sought to cancel the royalty deed was that it had not been properly explained to Mrs. Stewart in taking her acknowledgment thereto.

Defendants W. B. and T. H. Coats answered by general denial and a denial under oath of the alleged partnership with Heckford.

This might be added: That appellees sought judgment likewise for the value of the proceeds of the royalty oil from the oil lease sought to be cancelled.

There are two separate causes of action alleged by appellees. We shall first consider the one involving the $1,000 joint recovery against appellants and their co-defendant Heckford.

Appellees employed defendant Heckford, a surveyor, to ascertain by a survey if there was any excess acreage included in the oil and gas lease theretofore made by them as to their homestead. Heckford, as compensation for his services, was to receive one-half interest in seven-eighths of the mineral under any of the excess acreage he succeeded in establishing. He established an excess acreage which was finally settled at about four acres. Appel-

lees conveyed an undivided one-half of seven-eighths of the mineral interest under this excess acreage to H. C. Heckford and Wakeman and Florey, Wakeman and Florey having aided Heckford in some of the legal matters involved. Thereafter on the 15th day of September, 1931, appellees, Heckford, Wakeman and Florey executed an oil and gas lease to J. C. Prine conveying the entire seven-eighths mineral interest under this tract of land. The one-eighth mineral interest under this deed or lease remained in appellees.

Appellee J. H. Stewart delivered this lease to Heckford, or in some lawful way it came into his possession. Heckford delivered the lease to Prine, receiving $4,000 therefor. Out of this $4,000 he paid $1,000 to appellee J. H. Stewart. At the time of this payment representing to Stewart that he had received only $2,000 for the lease. One thousand dollars he gave to his wife; $1,450 he delivered to appellants. The disposition of the balance of $550 does not appear. However, he did not account to Wakeman and Florey, his co-owners, for their interest in the property. Appellees sought recovery of $1,025 on this transaction from appellants on the theory that in the transaction whereby the lease aforesaid was sold to Prine appellants were partners of Heckford. The exact allegation is as follows: "The said Homer L. Heckford had associated with himself W. B. Coats and T. H. Coats as partners in this transaction." Thereafter follow allegations of misrepresentation and misappropriation by appellants and Heckford. The portion of the pleading quoted, taken with its context, is the foundation of the legal duty alleged by appellees as owed by appellants to them. It was founded on the alleged relationship between appellants and their co-defendant Heckford. This relationship was sought to be submitted to the jury by special issues one and two.

Special issue No. One was as follows: "Do you find from a preponderance of the evidence in this case that T. H. Coats and W. B. Coats were jointly interested with Homer L. Heckford in the contract made with J. H. Stewart and wife, dated September 15, 1931, which purports to convey to J. C. Prine a one-half interest in the seven-eighths mineral lease in and under the land in controversy in this suit?" To which the jury responded in the affirmative.

Special issue No. Two was as follows: "Do you find from a preponderance of the evidence in this case that T. H. Coats and W. B. Coats were jointly interested with Homer L. Heckford in the ownership of the oil and gas lease on the land in controversy in this suit at the time of the sale and transfer of same to J. C. Prine?" To which the jury responded in the affirmative.

Appellants make a vigorous attack on the sufficiency of the two issues to submit the relationship as pleaded by appellees as existing between appellants and Heckford. It is asserted that the judgment for $1,000 is not supported by the verdict.

Unquestionably the liability of appellants herein depends upon their relationship to defendant Heckford. It might make for clarity here if it be interjected that at all relevant times herein appellants sustained to each other the relationship of partners. The business of the partnership was real estate and consisted in part at least of dealing in oil and gas leases in the neighborhood of the town of Overton, Texas.

If appellants and Heckford were acting together in the sale of the lease to Prine and the payment of the consideration to the parties entitled thereto, there could be but little question as to the liability of appellants for the wrongful acts of Heckford as partner, even though the joint action involved only the sale of this lease. It matters not strictly what their relation be called. If this were established we think liability would be established even though the relationship might be that of partners, joint adventurers or co-conspirators.

Let us analyze the two issues. Special issue No. One does not accurately describe the lease or contract sought to be inquired about. It describes the same as a contract made with J. H. Stewart and wife, dated September 15, 1931, which purports to convey to J. C. Prine a one-half interest in the seven-eighths mineral lease. The mineral lease in question purports to convey a seven-eighths interest in the minerals underlying the land. J. H. Stewart and wife were only among the lessors executing the lease. However, we do not think the jury could probably be misled by this inaccuracy. Homer L. Heckford was unquestionably interested in the lease, in that he was a co-owner with Stewart and wife in the minerals, the subject matter of the lease. Under the evi-

dence the issue does not arise as to whether Heckford or appellants had any interest either legal or equitable in the one-half interest of Stewart and wife. There is no evidence that appellants ever had any interest, either legal or equitable, in the lease or in the seven-eighths of the minerals underlying the land in question.

Now, we think what must have been intended to have been submitted by the issue was, did appellants and Heckford act jointly in the sale of the lease to Prine and collection of the proceeds. But the issue does not call for a finding on this point. No ultimate fact is submitted in the issue. An affirmative finding thereon is as consistent with the non-liability as with the liability of appellants.

Much of what is said applies to special issue No. Two. The only circumstance of much cogency in the record to show appellants' interest in Heckford's interest in the oil and gas lease in question is the fact that from the money received from Prine, Heckford paid to appellants the sum of $1,450. Now, if Heckford paid to appellants, as equitable owners in the lease, more than they were entitled to receive this might be grounds for liability to appellees. This, however, is not the ground of liability under the allegation of appellees. 41 Tex.Jur., Sec. 235, p. 1038.

As in the case of special issue No. One, we do not think that special issue No. Two submits an ultimate issue or is sufficient basis for a judgment against appellants in favor of appellees. Neither special issue No. One nor No. Two submits an ultimate issue raised by the pleadings. The following cases are deemed to support what we have said in regard to issues Nos. One and Two: Root et al. v. Tomberlin, Tex.Civ.App., 36 S.W.2d 596; Cox v. Bond, Tex.Civ.App., 91 S.W.2d 479, writ dismissed; Republic Production Co. v. Collins, Tex.Civ.App., 7 S.W.2d 187; Colbert v. Dallas Joint Stock Land Bank of Dallas, 129 Tex. 235, 102 S.W.2d 1031.

In view of the possibility of another trial on this feature of this case, we deem it not inappropriate to make a very general suggestion as to the manner as to submission of this issue. If on the next trial the issue arises under the pleadings and evidence as to appellants and Heckford acting together in the sale of lease and the collection and misapplication of the consideration, that this very question be submitted. Should the issue as to the joint misapplication of the sale price so arise, this should be submitted.

We realize that it is undisputed that appellants received $1450 of the money arising from the sale of this lease. The verdict further establishes that no consideration passed between Heckford and appellants. The evidence may be sufficient to support this finding. To say the least, the testimony of appellants and of Heckford was rather hazy and unsatisfactory as to the indebtedness claimed. If these facts give rise to liability it is our view that the pleadings failed to allege a basis therefor. A state of facts to entitle one to recover must have basis in the pleading as well as in the evidence. 41 Tex.Jur., sec. 235, p. 1038; R.S. Art. 2189.

Almost contemporaneously with the execution and sale of the lease we have heretofore discussed appellees signed a mineral deed purporting to convey to appellants the one-eighth royalty interest held by them in and to the mineral underlying the tract. The royalty interest sold being the one reserved in the Prine lease hereinbefore discussed.

Since the 17th day of September, 1931, appellants have collected large sums therefrom from the lessee or his assigns. Appellants paid $500 as consideration for this deed. Upon the delivery of the deed he gave appellee J. H. Stewart a check for $500 signed by appellants. Appellee J. H. Stewart deposited this check in the bank to his wife's credit. There is some evidence to support the inference that appellee's wife thought this $500 was part of the money derived from the sale of the lease to Prine.

Appellees alleged that the property was their homestead and that appellee Mrs. Stewart had never acknowledged same, and had never appeared for that purpose before the officer purporting to have taken her acknowledgment thereto. Appellees, as we have before stated, sought to have the conveyance set aside and likewise to recover the amounts collected on the royalty interest by appellants. It might be here noted that the acknowledgment of Mrs. Stewart to the conveyance was in due form for a married woman's separate acknowledgment and purported to have been taken before J. L. Eason, a notary

public for Rusk County, Texas, and duly certified to by him as such.

Special issue No. 14 submitted by the court to the jury was as follows: "Do you find from a preponderance of the evidence in this case that Mrs. O. J. Stewart did not appear before J. L. Eason for the purpose of acknowledging the execution of the mineral deed in question to T. H. Coats and W. B. Coats?"

■ The answer of the jury thereto was that "she did not." If this property was the homestead of appellees at the time of the purported conveyance same was ineffective to convey the homestead interest. Vernon's Ann.St.Const. Art. 16, Sec. 50; R.S. Art. 1300; Sanger et al. v. Calloway et ux., Tex.Com.App., 61 S.W.2d 988.

The issue of whether or not the property at the time of the conveyance was the homestead of appellees was not submitted by the court to the jury. Appellants contend that under the evidence the homestead or non-homestead character of the property was for the determination of the jury. Further, it was a vital, ultimate issue, the establishment of which by the appellees was essential to a recovery on this branch of the case; that, the court not having submitted the issue and appellees not having requested the submission thereof, same was waived by the appellees. In other words, lacking a finding by the jury on the issue of homestead, the verdict is insufficient to support the judgment.

Appellees only contest the premises of the proposition. In reply thereto they urge that the evidence established without dispute that the property in question was their homestead and it was not in this state of the evidence a question for the jury.

■ Appellants assert that the testimony came from interested witnesses and the issue was for the jury. It is unquestionably true that where the sole evidence as to the existence of a fact is from an interested witness or witnesses the issue is ordinarily for the jury. For this elementary proposition there is no want of precedent. Pope v. Beauchamp, 110 Tex. 271, 219 S.W. 447, is typical of the long list of cases supporting this general rule. There is no real conflict in the cases as to the principle. In the application of the principle conflict has arisen and perhaps will continue to occur. The exact quantum of proof to raise or establish an issue is not capable of exact determination. In the last analysis it must be determined by human opinion. This opinion should be guided and controlled by certain well-known legal principles.

■ A party having the burden of proving an issue may fail if interest in the issue discredits his testimony. However, there is an exception to the rule that the testimony of interested witnesses may be disregarded as proof of a fact. One is where, for instance, the opposing party, present in court to dispute or offer contradictory testimony, fails to do so. Brown v. McKinney, Tex.Civ.App., 208 S.W. 565, writ refused.

■ If the testimony is clear and uncontradicted and if false it is easy to obtain testimony contradictory thereof, the rule does not necessarily apply; likewise does not apply where the uncontradicted testimony of the interested party is corroborated by the facts as evidence. Dunlap v. Wright, Tex.Civ.App., 280 S.W. 276; Houston v. Holmes, Tex.Civ.App., 262 S.W. 849; First National Bank v. Humphreys, Tex.Civ.App., 166 S.W. 53; Sigmond Rothschild Co. v. Moore, Tex.Civ.App., 22 S.W.2d 533; Great Southern Life Ins. Co. v. Dorough, Tex.Civ.App., 100 S.W.2d 772, and authorities there cited; Homestead B. & L. Ass'n v. Youngblood, Tex.Civ.App., 111 S.W.2d 827; Jerke v. Delmont State Bank, 54 S.D. 446, 223 N.W. 585, 72 A.L.R. 27; Taylor-Link Oil Co. v. Anderson, Tex. Civ.App., 92 S.W.2d 499.

■ The home of appellees was in a very short distance of the town of Overton. Appellants' agent in purchasing this property had surveyed same for appellees a short time before. Appellants had acted as brokers for appellees in the sale of other royalty interests under their homestead. Appellants' counsel failed to even cross-examine appellees on their testimony on the homestead issue. This is the second trial of this case and appellants had ample time and opportunity to investigate the truth or falsity of the testimony of appellees on the homestead issue. The maintainance of a home, especially where a large family of children are reared, is an open, visible state of facts, the proof or disproof of which is easy. According to the testimony of appellees they had occupied this property as a home for something over thirty-seven years. The testimony is absolutely uncontradicted. If one reads the testimony in

this case in the light of the surrounding circumstances, it cannot but carry conviction that the question of homestead was too clear to be an issuable fact. The whole theory of the trial before was that the property was the homestead. We think there is no merit in this proposition.

It is urged that appellees have never offered to do equity by tendering back the $500 paid by appellants for the deed. They pleaded no such defense. Further, this property being a homestead, appellee Mrs. Stewart never having appeared before the notary, the deed was void. It was not necessary to go into equity to have same set aside. Wheelock v. Cavitt, 91 Tex. 679, 45 S.W. 796.

Appellants never sought to have the said sum of five hundred dollars off-set against their liability for the royalty oil.

By assignments of error numbers ten and eleven the action of the trial court is assailed in allowing counsel for appellees in the examination of appellant W. B. Coats, to read from the testimony of W. B. Coats. One proposition is made under these two assignments, the seventh, which is as follows: "The testimony of a witness on a previous trial is admissible only for the purpose of impeaching such witness or refreshing his memory and cannot be used as original evidence."

Neither the assignment, the proposition, nor the statement under the proposition, shows wherein appellants have been injured. W. B. Coats was a party. If damaging admissions were made in his former testimony, the appellees were entitled to prove same; if the former testimony was in accordance with the testimony given on the trial appellants were not harmed thereby. We believe no reversible error is shown as to these assignments.

Appellants' bill of exception No. 2, omitting the formal parts thereof, was as follows: "Be it remembered that upon the trial of the above styled and numbered cause in this court on the 6th day of October, 1938, that C. L. Stone, one of the attorneys for the plaintiffs, in his opening argument to the jury said: 'There is no controversy over the fact that Jim Eason went to the home of J. H. Stewart, and that fact is admitted, but that he did not tell her the purpose for him being there; and at the last trial of this case they had Jim Eason present and Heckford was missing, now at the present trial Eason is missing and Heckford, against whom a default judgment was taken in the former trial of this case, is here pinch-hitting for Eason.' To which remarks the defendants then and there excepted because the same was prejudicial and inflammatory; and further that such argument was not based upon the record in this case as the record fails to show that any default judgment was ever taken against the said Heckford, and which exception was by the court overruled; and the defendants W. B. and T. H. Coats here now tender this their bill of exception to and on account of said ruling of the court and ask that the same be approved, signed and filed as a part of the record in this cause."

It is asserted that this argument violated three of the rules governing argument: "(1) Stating facts outside the record; (2) referring to the absence of witness whom the evidence showed was not available; and (3) telling the jury the result in a previous trial."

The former default judgment in the case was not introduced in evidence. Appellants, however, did offer in evidence a judgment of the County Court wherein judgment was rendered against Heckford in favor of Florey and Wakeman. Many of the same issues were involved as were involved in the $1,000 cause of action asserted herein by appellees. In the County Court case the witness Heckford admitted here that he had sworn falsely. Heckford, however, gave strong testimony, if believed, showing that Mrs. Stewart did appear before the notary. He was not, however, called as a witness by appellants. Appellees called him as a defendant adversely interested to them under the right given by the statute. Article 3769c, Vernon's Ann.Civ.St. art. 3769c. Appellants did not examine the witness as to the facts surrounding the taking of the purported acknowledgment of Mrs. Stewart. We cannot say, in view of all of the circumstances, the fact that a judgment by default had been taken against Heckford could have injuriously affected his credibility as a witness. In the light of the record we do not see how appellants were prejudiced by the argument as to Eason. The evidence was that the whereabouts of Eason were unknown. No criticism of defendants could be implied for their failure to call Eason as a witness. Under our interpretation of

the argument none was made. Eason did testify as a witness for appellants at the former trial.

It is to be borne in mind this argument was part of the opening argument and appellants had an opportunity to reply thereto. We have no doubt they availed themselves of this opportunity. Taking the whole record into consideration we believe this argument does not present error of sufficient gravity as to justify a reversal of the case. However, we do not approve the argument.

The amount of money received by appellants from the royalty interest under the deed was not submitted to the jury in the charge of the court. Appellants' sixty-first assignment of error complaining of this matter is as follows: "The court erred in rendering judgment for plaintiffs for the sum of $9858.62 against the defendants W. B. and T. H. Coats as royalty collected under the mineral deed for the reason that there was no legal and competent evidence showing that defendants had received any such sum upon which the court could base such a finding."

The proposition urged thereunder is as follows: "There was no evidence to support the court's finding that defendants, W. B. Coats and T. H. Coats had received $9,858.62 from the royalty interest in controversy and the court erred in rendering judgment against them in that amount."

No other assignment is briefed on this point. We take it that under the assignment we are only called upon to consider the sufficiency of the evidence to support the finding, and not that the evidence was insufficient to have the effect of absolute proof.

Appellant W. B. Coats testified that up to the 21st day of November, 1936, he had received on the royalty interest $4,929.31; that that was one-half of the royalty; that since said date the royalty payments had been tied up in the pipe lines. Appellants jointly claim the one-eighth royalty interest and so claim same here. We deem the evidence ample to support the finding.

It is ordered that the judgment be reversed and remanded as to the $1,000 recovery against appellants; that that portion of the judgment be affirmed as to Homer L. Heckford; that that portion of the judgment setting aside the mineral deed and awarding a recovery in the sum of $9,858.62 be affirmed.