## DUNNING v. POPULAR DRY GOODS CO.

### No. 3974.

Court of Civil Appeals of Texas. El Paso.
Dec. 5, 1940.

Rehearing Denied Jan. 9, 1941.

John T. Hill, of El Paso, for appellant.

Kemp, Nagle & Smith, J. M. Goggin, and Wyndham K. White, all of El Paso, for appellee.

PRICE, Chief Justice.

This is an appeal from a judgment of the El Paso County Court at Law. Plaintiff, Mildred May Dunning, sought recovery of damages against defendant, Popular Dry Goods Company, a corporation, for personal injuries. Trial was to a jury, submission on special issues, and on the verdict the court rendered judgment in favor of defendant. Plaintiff duly perfected this appeal from the judgment rendered.

The parties for convenience will be designated as they were in the trial court.

Plaintiff's cause of action, as stated in the petition, was, in substance, that on or about the 17th day of April, 1939, she entered defendant's department store from the Texas Street entrance, intending to proceed to the main floor of the store; in order for her to so proceed it was neces-

sary that she pass over an incline leading from the main store to the part of the store called the Annex; that as she attempted to pass over this incline both feet slipped from under her and she fell violently, and thereby sustained personal injuries. Various charges of negligence are made as to the maintaining of the store with the slope, and as to the floor being slick and thus rendered dangerous.

Defendant answered by · general denial and a somewhat detailed plea of contributory negligence.

The court submitted the case of plaintiff in five special issues; the answer to each, other than the first, was conditioned on the affirmative answer to the issue immediately preceding. The jury found the first issue in the negative, and hence did not answer the other four. These issues were as follows:

"Question No. 1: Do you find from a preponderance of the evidence, that the plaintiff, Mildred May Dunning, slipped and fell as she was passing over an incline in what is known as the annex in the Popular Dry Goods Company? Answer 'yes' or 'no.'

"If you have answered the preceding question 'yes,' then, but not otherwise, answer the following question:

"Question No. 2: Do you find from a preponderance of the evidence that the incline upon which the plaintiff, Mildred May Dunning, slipped and fell, if you have found that she so did, was a dangerous condition? Answer 'yes' or 'no.'

"If you have answered the preceding question 'yes,' then, but not otherwise, answer the following question:

"Question No. 3: Do you find from a preponderance of the evidence that the plaintiff, Mildred May Dunning, did not know of the danger of the incline, if you have found that it was a danger and did not realize the risk to her own safety in going upon and over the said incline? Answer 'yes' or 'no.'

"Question No. 5: ' Do you find from a preponderance of the evidence that the plaintiff, Mildred May Dunning's, slipping and falling upon the incline, if you have found that she did so slip and fall, was the proximate cause of the injuries received by her, if any. Answer 'yes' or 'no.' "

Plaintiff did not request submission of other issues, and did not object to the manner of the submission by the court.

■ Under the submission, for plaintiff to recover, it was necessary to secure an affirmative answer to special issue No. 1. In the absence of such finding, the finding of the jury on any of the other issues submitted was immaterial.

■ The negative answer to issue No. 1 is assailed as being without support in the evidence. That plaintiff fell at some place in the store on the occasion in question is supported by her testimony, and in a measure corroborated by the testimony of two of the defendant's employees. The place of the fall and the time thereof were specified in the issue as "when she was passing over the incline." Her right of recovery was conditioned on the establishment of this place and time. In some· of the issues submitted on behalf of the defendant it was assumed as a fact that plaintiff fell in the store on the occasion in question here. Plaintiff testified that she fell when she was passing over the incline. Mrs. Mary Browning, an employee of the defendant, testified that she saw plaintiff on the floor and it was some distance from the incline. In our opinion there was an issue raised by the evidence as to where plaintiff fell with reference to the incline. The finding that she did not fall as she was passing over the incline, or rather the failure to find that she did fall at such time, finds support in the testimony of Mrs. Browning.

■ There are various assignments attacking the manner of submission of contributory negligence and the sufficiency of the evidence to support such findings. Negligence not having been found as to defendant, we deem the manner of the submission of contributory negligence and the findings of the jury thereon immaterial, and for that reason overrule such assignments.

By bill of exception it appears one of the attorneys for defendant, in the course of his argument, stated: "If you find a verdict for the plaintiff, all the stores in El Paso with inclines in them might as well close up." It further appears from the record that no objection was made to the argument at the time same was made, and the record shows no request that the jury be instructed to disregard same. Error is assigned on account of the trial court's failure to grant a new trial on this ground.

■ We do not agree with the counter proposition of the defendant that this was

proper argument. Humble Oil & Refining Co. v. Butler, Tex.Civ.App., 46 S.W.2d 1043; Stewart v. Coats, Tex.Civ.App., 91 S.W.2d 421.

The two above cases are typical of a number of cases found in the reports condemning argument of this character. However, we do not think the improper argument in the instant case is as aggravated as that in the two cases above cited. In our opinion, an instruction or admonition by the court would have cured the matter. Plaintiff had an opportunity to reply thereto. It may be, in reliance on that right, he sat silent when the argument was made. In our opinion reversible error is not shown by the assignment. Plaintiff should have objected thereto or requested a charge that the jury disregard same. Texas Employers' Ins. Ass'n v. Moore, Tex.Civ.App.. 46 S.W.2d 404; Harris v. Sadler, Tex.Civ.App., 55 S.W. 2d 173; City of Waco v. Rook, Tex.Civ. App., 55 S.W.2d 649; Emberlin v. Wichita Falls R. & Ft. W. R. Co., Tex.Com.App., 284 S.W. 539.

■ Complaint is made that the answers to the defensive issues are unsupported by the evidence. From this it is sought to be inferred that the verdict was dictated by passion and prejudice. These defensive issues are, as we have pointed out, immaterial in view of the jury's findings on the issues submitted for plaintiff. The inference sought to be made from the premises, even if permissible, is not conclusive. Southern Pine Lbr. Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334.

■ As to the argument complained of in assignment No. 2, there is no bill of exception showing that such argument was made.

■ Assignment of error No. 5 is as follows: "It is shown by the special charges of the court, the answers to the questions propounded, and the evidence introduced, that fundamental error has been committed in the trial of the cause highly prejudicial to plaintiff's right to recover her damages."

This assignment is too general to merit consideration.

The record as a whole discloses no reversible error.

The case is affirmed.

SUTTON, J., appointed Jan. 1, 1941, did not sit in the motion for rehearing.